# Commonwealth ex rel. Allen Schweyer v. John Wunch et al., Commissioners of Berks County, Appellants.

*Statutes—Tax collectors—Repeal of statutes—Acts of March 18, 1852, and June 6, 1893.*

The act of June 6, 1893, P. L. 333, entitled " An act to authorize the election of tax collectors for the term of three years in the several boroughs and townships in this commonwealth," repeals the local act of March 18, 1852, P. L. 153, relating to the collection of taxes in the townships of Longswamp and Bethel in Berks county.

Argued March 5, 1895. Appeal, No. 95, Jan. T., 1895, by defendants, from order of C. P. Berks Co., Sept. T., 1894, No. 19, awarding a peremptory writ of mandamus. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition for mandamus.

The facts appear in the following opinion by ENDLICH, J:

"The relator was, at the election of February 20, 1894, elected tax collector of the township of Longswamp, under the act of June 6, 1893, P. L. 333. On March 12, 1894, he gave bond, with surety, duly approved by the court and filed. Thereupon he applied to the respondents, the commissioners of the county of Berks, for the tax duplicate for the state and county taxes collectible in said township, but was refused, upon the ground that, under the act of March 18, 1852, P. L. 153, a local law applicable to said township, the collection of said taxes is to be intrusted to the lowest bidder. Thereupon the petition was filed, upon which this rule was granted. The respondents, in their answer, aver that the relator's election was invalid, the act of 1852 not being repealed by the act of 1893. . . . In principle that identical question has, since the argument, been decided by the court of C. P. of Dauphin Co., in Com. v. Middleton, 3 Dist. Rep. 639. The conclusion reached by it, to wit, that the act of 1893 repeals the numerous local laws inconsistent with it, is irresistible, perhaps even more obviously so in the case of townships than in that of boroughs. I know of nothing, however, that could be profitably added to what was said in the above case by the learned judge who delivered the opinion in it. I accept it as conclusive of this case.

"The rule to show cause is made absolute."

*Error assigned* was above order.

*William J. Rourke, W. Oscar Miller*, county solicitor, with him, for appellant.—The fact that the provisions relative to the appointment and collection of the taxes are different in the two acts does not raise an implication of intention to repeal: Erie v. Bootz, 72 Pa. 196; Bank v. Com., 10 Pa. 442; Brown v. County Com., 21 Pa. 37; Wright v. Vickers, 81 Pa. 122; Seifried v. Com., 101 Pa. 200; Osborne v. Everitt, 103 Pa. 421; Harrisburg v. Sheck, 104 Pa. 53; Hand v. Fellows, 148 Pa. 456; Hanover Borough's App., 150 Pa. 202; Fourth St., 158 Pa. 470; Hickory Tree Road, 43 Pa. 139; Johnston's Est., 33 Pa. 511; Rhoads v. B. & L. Assn., 82 Pa. 180; Reading v. Shepp, 2 Dist. R. 140; State v. Tp. Com., (N. J.) 3 Cent. R. 351; Com. v. Middleton Bor., 3 Dist. R. 639.

General laws do not impliedly repeal special laws unless they are so irreconcilable that they cannot possibly stand together: Endlich on Statutes, sec. 223; Brown v. Commissioners, 21 Pa. 37; Seifried v. Com., 101 Pa. 200; Morrison v. Fayette Co., 127 Pa. 110.

*C. H. Ruhl* of *Ermentrout & Ruhl,* for appellee, cited: Com. v. Lyter, 162 Pa. 50; Endlich on Interpretation of Statutes, sec. 31; Quinn v. Cumberland County, 162 Pa. 55; Com. v. Braughler, 165 Pa. 284; Com. v. Macferron, 152 Pa. 250; Com. v. Middleton Borough, 3 Dist. R. 640.

PER CURIAM, April 1, 1895:

Since the adoption of the present constitution the legislature has sought to bring about uniformity in the administration of the affairs of counties and townships as well as those of cities and boroughs. The constitution requires this, and we have felt constrained to interpret statutes relating to these subjects in the light of the constitutional requirements. This case is fairly ruled by Commonwealth v. Macferron, 152 Pa. 244; and by Quinn v. Cumberland County, 162 Pa. 55. We have no intention to depart from the rule laid down in these cases.

The judgment is affirmed.