Commonwealth ex rel. L. A. Hillegass, Appellant, v. Josiah Huffman, Jonas Imler and Joseph W. Boor, Commissioners of Bedford County.

*Taxation—Statutes—General and local laws construed and sustained.*

The local law of April 13, 1868, P. L. 1017, providing for the collection of taxes in the county of Bedford recognized and retained by the Act of June 24, 1885, P. L. 187, is not repealed by the Act of June 6, 1893, P. L. 333, entitled "An act to authorize the election of tax collectors for the term of three years in the several boroughs of this commonwealth."

There is no inconsistency between these local and general acts which can be enforced at the same time without in any material way interfering with each other.

Argued Nov. 8, 1897. Appeal, No. 41, March T., 1898, by plaintiff, from order of C. P. Bedford Co., Sept. T., 1897, No. 31, for overruling demurrer to the return, etc., in an application for mandamus. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Mandamus to the commissioners of Bedford county requiring them to deliver to plaintiff for purpose of collection duplicates of state and county taxes for the township of Juniata. Before LONGENECKER, P. J.

The facts sufficiently appear from the opinion of the court below, as follows:

L. A. Hillegass was elected tax collector for Juniata township at the February election 1897, and on the 19th of April presented his bond to the court when the same was approved. On the same day and at the same time he filed his petition reciting the above facts and alleging that under the Acts of June 25, 1885, P. L. 187, and June 6, 1893, P. L. 333, he was entitled to have for collection the duplicate of state and county taxes levied and assessed in said township for the current year; that the county commissioners, on demand made upon them for said duplicate, had refused his request, stating they proposed to deliver it, with their warrant for collection, to Charles Reily the county treasurer. He therefore asked for a writ of mandamus commanding them to deliver to him said duplicate. It was thereupon ordered that an alternative writ issue.

Charles Reily, the county treasurer, after alleging his interest in the subject-matter in controversy, asked leave to become a defendant and to frame his return and conduct the subsequent proceedings at his own expense, upon which leave was granted him accordingly. He afterwards filed his return as did also the county commissioners. The return of Reily raised no issue of fact but denied the plaintiff's right to receive the duplicate on the ground that the local Act of Assembly approved April 13, 1868, P. L. 1017, entitled " An act to provide for the collection of state, county, poor and military taxes in the county of Bedford," makes it the duty of the county commissioners in each and every year, immediately after the assessment of taxes for state, county, poor and military purposes have been completed, to cause duplicates to be made and to deliver the same to the county treasurer, and that the act further provides for the collection of the same by him; that said act of 1868 was not altered, amended or repealed by any subsequent law, but is still in force, and that the plaintiff is not entitled to said duplicate, but that he, the said county treasurer, is entitled to have and collect the same. The return of the commissioners is in substance of the same import and therefore raises the same question of law. To these returns the relator demurred.

The single question presented for determination is the effect of the act of June 6, 1893, on that of April 13, 1868. Does the.

act of 1893 repeal that of 1868? The act of June 25, 1885, left in full force the Bedford county system for collecting the taxes in question: Malloy v. Reinhard, 115 Pa. 30; Evans v. Phillipi, 117 Pa. 226.

The act of 1893 is entitled "An act to authorize the election of tax collectors for the term of three years in the several boroughs and townships of this commonwealth," and provides "that the qualified voters of every borough and township in the commonwealth of Pennsylvania shall, on the third Tuesday of February after the passage of this act and triennially thereafter, vote for and elect one properly qualified person for tax collector in each of said districts, who shall serve for the term of three years, and shall give a bond annually to be approved by the court;" and in a second section it says "all acts or parts of acts inconsistent herewith are hereby repealed."

The act of 1885 had already provided for the election of a collector of taxes in each borough and township in the commonwealth, and the only changes made by the act of 1893 are with reference to the length of the official term, extending it from one to three years, and the giving of a bond annually, as in the former act, "to be approved by the court," instead of "by the court or a judge thereof in vacation," as by the act of 1885.

The 13th section of the act of 1885, after declaring so much of all general acts as was inconsistent with it repealed, further provided, "but this act shall not apply to any taxes, the collection of which is regulated by a local law," thus showing explicitly the legislative intent of preserving in force local statutes like that of 1868 prescribing a method for the collection of certain taxes, as above stated, though the same result would no doubt have been produced had no such clause been inserted.

When the act of 1893 was passed, its second section repealed not only the repugnant provisions of the act of 1885, but all other general or local acts inconsistent with the act of 1893. But is the act of 1868 inconsistent with it? The act of 1893 deals alone with the election and qualification of the officer and his official term, while that of 1868 relates only to the manner of gathering the particular taxes therein mentioned by an officer whose election and the right to whose office are in no way affected by the act of 1893. The question for our determination is not whether a tax collector in Juniata township shall be elected

under the terms of the act of 1893 or shall be designated in some other way, but whether the county treasurer, whose title to his office is not and cannot be challenged, and is conceded, shall collect certain taxes as heretofore, in accordance with the act of 1868, or whether the township collector shall gather those taxes also, along with all others, notwithstanding the local statute and the saving clause in the 13th section of the act of 1885, which clause refers merely to the taxes affected by local laws and not to the election of the collector.

In all the decided cases construing the act of 1893 which we have seen, the issue presented involved the right or title to the office of borough or township collector. In Com. v. Middletown Borough, 3 Dist. R. 639, the question for decision was whether, since the passage of the act of 1893, that officer could be appointed under the local act. In Com. v. Wunch, 167 Pa. 186, the collector of the township who had been duly elected and qualified under the act of 1893, applied for the duplicates but was refused because a local statute provided for the selection of a person as collector who should be the lowest bidder, a method of designating a township collector clearly inconsistent with that provided by the act of 1893. In the case of Com. v. Lindenmoyer, 5 Northampton R. 165, the contest was likewise as to which of the parties was rightfully the township collector. Koehler was made so under the provisions of the act of 1893, and Lindenmoyer claimed title to the position by virtue of an appointment after competitive bidding for it under a local act.

Whatever might have been the views of the several courts determining those cases upon the question now before us, it was not necessarily involved in the cases they decided and is not, as we think, ruled by them. They were ruled as they were for other reasons which are quite apparent, which were in fact irresistible, and which have been already noticed. The act of 1893 meant to provide the only way of selecting the officials known as tax collectors in the several boroughs and townships, namely, by election, and of course the office could no longer be filled by competitive bidding and appointment or on the mere preference of the municipal officers. A uniform method of filling the office was clearly effected by the repealing section of the act of 1893, which strikes down all local statutes supplying contrary methods of choice.

But neither the title nor the act itself seems to us to indicate an intention to repeal local laws pertaining only to the manner of gathering taxes.

If it had been intended to repeal all such acts as well as those relating to the election of the officers it would have been readily accomplished in a single line by saying so in express terms. On the contrary the last clear expression of the legislature on this branch of the subject is contained in the saving clause of the act of 1885 and it leaves for collection taxes thus provided for to the systems contained in the local acts.

The argument is that the court should go beyond the clearly declared purpose of the legislature and impress upon the act of 1893 an intention which its words do not seem to imply. It is proposed that by judicial interpretation we shall read into the act what the law making power omitted to insert. True, as stated in Com. v. Wunch, supra, the Supreme Court has "felt constrained to interpret statutes relating to these subjects in the light of the constitutional requirements," and a purpose is there expressed of adhering to the rules laid down in Com. v. Macferron, 152 Pa. 244 and Quinn v. Cumberland County, 162 Pa. 55; but we do not understand these remarks to indicate an intention to effect uniformity in all matters pertaining to taxation by judicial construction unless such a purpose fairly appears on the face of a statute under consideration. In Com. v. Macferron, cited in that case, it was said, the rule " that a previous local statute is not repealed by a subsequent general statute inconsistent with it, unless words of repeal are employed for that purpose," was not questioned, but was held inapplicable because in classification acts, like that under consideration, the legislative intent is fully expressed. And so was the intent most clearly expressed in the act of 1893 as applied to the case of Com. v. Wunch. In Quinn v. Cumberland County, it was said by Mr. Justice GREEN, " it is evident the two acts cannot be executed together, and the act of 1893, in its 8th section, expressly repeals all acts or parts of acts inconsistent with or contrary to the provisions of this act." That was also true of the act in Longswamp township, Berks county, for the selection of a township tax collector, to which the principle was applied.

But is there any reason why the acts which we are considering may not be executed together in Juniata township, where

the relator will collect all the taxes except those for state and county purposes? If they can stand and be executed together we do not understand the courts to mean that we should depart from the well settled rules of interpretation and strike down the local act for the sole object of effecting that uniformity to which the constitutional provision points. The constitutional demand for uniformity was as imperative when Malloy v. Reinhard was decided as it is now, and yet it was there said, "rarely, if ever, does a case arise where it can justly be held that a general statute repeals a local statute, by mere implication. The constitution of 1874, upon many subjects, prohibits local or special legislation, but it changes no rule relative to the repeal, by legislation, of local laws existing when it was adopted. Had section 13 of the act of 1885 been omitted, there would have been no repeal of the local statutes for the borough of Verona."

While, therefore, it is very clear that another collector of taxes in Juniata township could not be appointed in the face of the act of 1893, it is not equally apparent that it entitles the relator to the right of collecting all taxes assessed in that township. In no event could he collect taxes on unseated lands, for the 12th section of the act of 1885 expressly forbids it, and we do not understand that any one alleges that section is repealed. If it remains in force it destroys the argument of a legislative intent to commit all the taxes in Juniata township to a single individual for collection.

The system furnished by the act of 1868 has operated most satisfactorily for nearly thirty years in Bedford county, and as we learn in a number of other counties in which taxes are to-day being collected under it, and a number of reasons might be advanced why it is preferable to that embodied in the act of 1885, but we are quite well aware that such considerations would not warrant us in sustaining the local act, and yet we would for that reason feel less inclined to strain a point in order to arrive at the relator's interpretation of the repealing clause of the act of 1893.

Now, May 13, 1897, the demurrer of the relator, L. A. Hillegass, to the answers filed in this case is hereby overruled, and it is ordered, adjudged and decreed that the duplicate of state and county taxes levied and assessed in the township of Juniata for

the current year be delivered by the county commissioners, for the purpose of the collection thereof, in accordance with the provisions of the act of April 13, 1868, to Charles Reily, the county treasurer.

*Errors assigned* were (1) overruling demurrer.   (2) In ordering that the duplicates of state and county taxes levied and assessed in the township of Juniata for the current year, be delivered by the county commissioners, for the purposes of collection thereof, in accordance with the provisions of the act of April 13, 1868, to Charles Reily the county treasurer.

*Daniel S. Horn,* for appellant.

*John S. Weller* and *Frank E. Colvin,* with them *S. R. Longenecker,* for appellee.

OPINION BY BEAVER, J., December 13, 1897:

Under the provisions of an act of assembly approved April 13, 1868, P. L. 1017, entitled "An act to provide for the collection of state, county, poor and military taxes in the county of Bedford," the treasurer of the said county has, since the passage of the act, collected the taxes therein named.   An act of assembly approved the 25th day of June, A. D. 1885, P. L. 187, entitled "An act regulating the collection of taxes in the several boroughs and townships of this commonwealth," provides for the election of an officer, to be styled collector of taxes, by the qualified electors of each borough and township in the commonwealth on the third Tuesday of February of each year thereafter, and provides, in its fourth section: "The several county, borough, township, school, poor and other authorities now empowered and which may hereafter be empowered to levy taxes within the several boroughs and townships of this commonwealth shall, on or before the first day of August in each year, after the first election of collector of taxes under this act, issue their respective duplicates of taxes assessed to the collector of taxes of their respective boroughs and townships, with their warrants attached, directing him to collect the same, but road taxes may be worked out as heretofore," and in its thirteenth section provides: "So much of all general acts hereto-

fore passed as is inconsistent herewith is hereby repealed, but this act shall not apply to any taxes the collection of which is regulated by a local law."

An act of assembly, passed the 6th day of June, A. D. 1893, P. L. 333, entitled "An act to authorize the election of tax collectors for the term of three years, in the several boroughs and townships of this commonwealth," provides simply for such election and, in its second section, repeals all acts or parts of acts inconsistent therewith.

It is claimed by the appellants that the act last above mentioned repeals the act of April 13, 1868, supra, and that it, by necessary implication, repeals the 13th section of the act of June 25, 1885, supra, it being admittedly clear that, unless this latter section is repealed, the local act of 1868 is safe under its protection.

It is admitted that the precise question raised here has not been decided in Pennsylvania. Com. v. Wunch, 167 Pa. 186, in which the decision of the lower court, affirmed in a Per Curiam opinion of the Supreme Court, relies largely upon Com. v. Middletown, 3 Dist. Rep. 639, is not directly in point. In both of these cases the question involved was, whether the tax collector elected under the provisions of the act of 1893, supra, should perform the functions and discharge the duties of the office to which he had been elected by the qualified electors of the municipality, or whether these functions and duties should be performed and discharged by officers or employees who by appointment or competitive bidding had secured the rights and privileges of tax collectors under the operation of local laws. It will be observed that the act of 1893, supra, provides for the election, by the qualified voters of every borough and township in the commonwealth of Pennsylvania, on the third Tuesday of February after the passage of the act, and triennially thereafter, of one properly qualified person for tax collector in each of said districts, who shall serve for the term of three years. It is very clear that the lowest bidder for the collection of taxes in the townships of Longswamp and Bethel, in Berks county, and the collector appointed by the town council of the borough of Middletown could not collect the taxes in those districts respectively, consistently with the rights and duties of the collectors of taxes elected under the provisions of

the act of 1893, supra, if the tax collectors so elected were to assume the obligations or discharge the duties of the office to which they had been severally elected.    The latter act is plainly inconsistent with the local acts for Longswamp and Bethel townships and Middletown borough above referred to.    The provisions of these several acts cannot be enforced at the same time and, therefore, cannot stand together.    Under the plainest principles of construction, therefore, the general repealed the local acts.

We have an entirely different question raised in the present case.    The saving clause of the thirteenth section of the act of 1885, supra, is "But this act shall not apply to any taxes the collection of which is regulated by a local law."    The treasurer of Bedford county can collect the state and county taxes, the latter by the Act of April 4, 1872, P. L. 929, being made to include the poor taxes, and the relator Hillegass, who was elected tax collector for Juniata township at the February election in 1897, can collect all the township taxes without in any way interfering with each other in the discharge of the duties of their respective offices and without abridging the rights or limiting the powers of the township collector, so far as they relate to the collection of township taxes.    There is, therefore, no necessary conflict between the duties of these several officers, which are to be discharged under and by virtue of the provisions of the several laws under which they secure their rights and receive their authority respectively.    The acts are not necessarily inconsistent with each other and, therefore, in accordance with well known principles, can and ought to be construed together, so that full force and effect may be given to the provisions of each respectively.

The titles of the acts of 1885 and 1893, supra, are significant. The first is entitled "An act regulating the collection of taxes in the several boroughs and townships of this commonwealth;" the second "An act to authorize the election of tax collectors for the term of three years in the several boroughs and townships of this commonwealth."    Nothing whatever is intimated in the title of, and nothing is said in the latter act in regard to any system for the collection of taxes.

So many of the counties of the commonwealth have provisions practically similar to those of Bedford county for the col-

lection of state and county taxes, under local laws, that this mode of collection may be almost regarded as a system, one which has worked well in practice, under which public interests have not suffered, and may well have been in the mind of the legislature when the act of 1885, supra, was passed. Are the state and county taxes in these several counties included in, or do they constitute the "any taxes the collection of which is regulated by a local law" mentioned in the thirteenth section of the act of 1885, supra? If so, and there is no necessary inconsistency between the enforcement of the provisions of the general act of 1893, supra, and the several local acts, including the act of 1868, supra, their collection, as provided for in the several local acts, should not be interfered with. We think it apparent that there is no such inconsistency, and that the general and local acts involved in this controversy can be enforced at the same time, without in any material way interfering with each other.

It is not necessary to add more to the well considered opinion of the presiding judge in the court below. We are of opinion that he reached the correct conclusion in construing the various statutes involved, and the judgment is, therefore, affirmed.