# Commonwealth ex rel., Appellant, *v.* Couch.

*Public officers—Tax collector—Election—Term of office—Acts of April 13, 1868, P. L. 1017, February 27, 1872, P. L. 179, June 25, 1885, P. L. 187, and June 6, 1893, P. L. 333.*

Section 13 of the Act of June 25, 1885, P. L. 187, relating to the collection of taxes in boroughs and townships, which provides that the act shall not apply to any taxes the collection of which is regulated by a local law, prevents the Act of June 6, 1893, P. L. 333, providing for the election of tax collectors for the term of three years in the boroughs and township of the commonwealth, from repealing the local Act of February 27, 1872, P. L. 179, which extended to Huntingdon county the provisions of the Act of April 13, 1868, P. L. 1017, establishing a special system for the collection of taxes in Bedford county.

Commonwealth v. Wunch, 167 Pa. 186, overruled.

Argued April 19, 1904. Appeal, No. 82, Jan. T., 1904, by relator, from order of C. P. Huntingdon Co., Sept T., 1903, No. 32, refusing writ of peremptory *mandamus* in case of Commonwealth ex rel. A. S. Peterson v. A. L. Couch et al., County Commissioners. Before Mitchell, C. J., Dean, Brown, Potter and Thompson, JJ. Affirmed.

Petition for writ of peremptory mandamus.

The petition alleged the relator's election and qualification as tax collector in Franklin township, and averred that he was entitled under the general system provided by the Acts of June 25, 1885, P. L. 187, and June 6, 1893, P. L. 333, to the collection of the state and county taxes in said township, and that the county commissioners had instead delivered the duplicates of said taxes to the county treasurer, who was proceeding with the collection thereof, and prayed a mandamus requiring the commissioners to recall said duplicates and the county treasurer to return them to the commissioners for delivery at the proper time to relator.

The return admitted that the duplicate had been delivered to the treasurer for collection, and that he was proceeding to collect said taxes, but averred that under the local Act of April 13, 1868, P. L. 1017, entitled "Act to provide for the collection of state, county, poor and military taxes in the county of Bedford," extended to Huntingdon county by Act

of February 27, 1872, P. L. 179, it was directed that the du-
plicates of such taxes be delivered to the county treasurer for
collection, and that said local act had never been repealed.

The court, in an opinion by BAILEY, P. J., refused the writ.

*Error assigned* was the order of the court refusing the writ.

*W. B. Simpson*, with him *J. R. Simpson*, for appellant.—The
act of 1885 and the act of 1893 being in pari materia, are to
be construed together: Neeld's Road, 1 Pa. 353; Jacoby v.
Shafer, 105 Pa. 614; Com. v. Middletown Boro., 3 Pa. Dist.
Rep. 639.

Boroughs and townships are created by general laws, and are
the proper subjects of appropriate independent general legis-
lation as such: Evans v. Phillipi, 117 Pa. 226; Com. ex rel.
v. Macferron, 152 Pa. 244. This case is ruled by Com. v.
Wunch, 167 Pa. 186.

*J. F. Schock*, with him *S. I. Spyker*, for appellees, cited:
Com. v. Bedford County Comrs., 6 Pa. Superior Ct. 211;
Buckwalter v. Lancaster County, 12 Pa. Superior Ct. 272.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 25, 1904:
By the Act of April 13, 1868, P. L. 1017, a special system
"for the collection of state, county, poor and military taxes"
was established for the county of Bedford. By the Act of
February 27, 1872, P. L. 179, the provisions of the act of 1868
were extended to Huntingdon county. The single question
in the present case is whether the local system thus established
is repealed by the Act of June 6, 1893, P. L. 333.

The act of 1893 is entitled " An act to authorize the election
of tax collectors for the term of three years in the several
boroughs and townships of this commonwealth," and the enact-
ing portion of it consists of a single section directing that " the
qualified voters of every borough and township . . . . shall tri-
ennially . . . . elect one properly qualified person for tax col-
lector in each of said districts, who shall serve for the term of
three years." A second section merely repeals acts and parts
of acts inconsistent therewith. This act is too incomplete to
admit of administration by itself. The qualifications, powers

and duties of the tax collectors are nowhere indicated, and for them it is plain that we must look elsewhere.    The gap is filled by the Act of June 25, 1885, P. L. 187, entitled " An act regulating the collection of taxes in the several boroughs and townships of this commonwealth " which defines the election, qualifications, bonds, duties and powers of the collectors and provides a carefully worked out system for the collection of taxes in boroughs and townships.    It is a general system and would clearly apply to all the boroughs in the state and thus supersede all local systems were it not for the express provision to the contrary in section 13 that " this act shall not apply to any taxes the collection of which is regulated by a local law."

Reading the acts of 1885 and 1893 together, as we must do to give the latter any vitality for administration, it is plain that the later act though not expressly so-called is a supplement to the former, and so considered its purpose is entirely clear. By the act of 1885 the tax collectors were elected annually for a term of one year.    The act of 1893 authorizes and directs the election for a term of three years.    This is the entire scope of the title " to authorize the election of tax collectors for the term of three years " and so far as appears the whole intent of the act.    It repeals no provision of the act of 1885 expressly and none by implication except such as are inconsistent and the only one inconsistent is the term of office.    To hold that it repealed the local Huntingdon act would be in plain disregard of the saving clause in section 13 of the act of 1885 without any warrant for so doing.

Com. ex rel. v. Wunch, 167 Pa. 186, is cited by appellant as sustaining a contrary view.    In that case the local act in question, March 18, 1852, required the collection of taxes in the township of Long Swamp, to be given to the lowest bidder. The court of common pleas of Berks county held that this provision was inconsistent with the directions of the act of 1893 that the tax collectors should be elected by the qualified voters of the township.    The inconsistency between the two acts was manifest and the learned judge in so deciding went further and expressed the opinion that all local laws in like manner inconsistent were repealed by the act of 1893.    The decision was affirmed in a per curiam opinion by our late Brother WILLIAMS, in which his language was broad enough to sustain

a similar construction. In Com. ex rel. v. Commissioners, 6 Pa. Superior Ct. 211, the Bedford (and Huntingdon) act of 1868 was in question, and the Superior Court held that it was not repealed, distinguishing Com. v. Wunch on the ground of the inconsistency between the act in question there and the act of 1893 and the absence of such inconsistency in the case in hand. The distinction unquestionably exists, and if the act of 1893 were a substantive act capable of standing by itself, the distinction would justify both decisions. But as already noted the act of 1893 is in substance only a supplement, a mere branch having no trunk to sustain it except the act of 1885, and the express provision in section 13 of that act stands immovably in the way of the construction of repeal. In Com. v. Wunch the limited scope of the act of 1893 and the express saving of local laws by the act of 1885 were not given their proper weight, and further consideration compels us to overrule that case.

Judgment affirmed.