IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF HANCOCK,

ARGUED AT JULY TERM, 1842.

---

SAMUEL F. MORSE & al. *versus* STEPHEN HOLT and Trustee.

Where the demandant in a writ of entry had recovered judgment, and had elected to pay to the tenant the amount of betterments allowed to him, and a person who had been one of the attorneys of the tenant had been appointed by the Court under the provisions of the betterment act, to receive the money; and the amount in bills was afterwards offered to him in his office, and left on his table, he protesting at the time that he had no right to receive the money, that it should be paid to the clerk, and that he had nothing to do with it; and immediately a process was served upon him as trustee of the party entitled to the betterments, and after the service the money was taken care of by him; the person summoned as trustee was adjudged to be chargeable.

THE question in this case was, whether the trustee was to be charged on his disclosure.

Bishop had brought a writ of entry against Holt, the present defendant, and had recovered judgment, but the jury had awarded a sum of money to the defendant as betterments. The demandant, Bishop, elected to pay these betterments, and an order of Court was passed, that the balance above the costs, should be paid to Hezekiah Williams, Esq. who is summoned as trustee in this suit, and who was one of the counsel for Holt in Bishop's suit. This balance amounted to 209,66. C. J. Abbott, Esq. had been one of the counsel of Bishop, in his suit

Morse *v.* Holt.

against Holt. The after transactions are thus stated by the trustee.

" On July 19, 1841, C. J. Abbott, Esq. came into my office with a paper and some bank bills in his hand, and said he had money to the amount of the betterments allowed by the jury at the last S. J. Court in the case *Bishop* v. *Stephen Holt.* I replied that I had nothing to do with it; that the amount allowed for betterments in that case should have been paid to the clerk. He said the Court had ordered it to be paid to me, and that the bills amounted to two hundred and ten dollars. I remarked, that I believed that was not the amount of betterments in that case. He said the costs had been deducted, and asked me to sign a receipt for the amount, which I declined doing, adding that I knew nothing about it; that the money should have been paid over to the clerk; and that I had nothing to do with it. Mr. Abbott left the bills on my table, and went out, and the officer came in immediately and served the writ on me before I had taken the bills into my hands or possession. I was not authorized or directed by the defendant to receive the amount of said betterments. The bills left in my office by Mr. Abbott, as above described, amounted to two hundred and ten dollars. I was so far discharged as the attorney of Holt, in the land suit, as attorneys usually are, when a case is determined and ended in Court as this was, but I never had any special discharge. I knew that Holt expected the money would be paid to the clerk, if the plaintiff elected to pay the betterments, and so I expected."

*Allen,* District Judge, ordered the trustee to be discharged, and the plaintiffs filed exceptions.

*C. J. Abbott,* for the plaintiffs, contended that the trustee ought to be charged. The money was rightfully in his hands as the attorney of the defendant. The Revised Statutes, c. 119, § 63, makes seven cases of exception. This does not come within any one of them. The payment of the betterments was not made to any public officer, but to a private individual, the attorney of the party entitled to them. A person receiving bills may be holden as trustee, and the character

of attorney does not protect him.   Wherever the property is in the custody of the person summoned as trustee, he must be holden: *Staples* v. *Staples & tr.* 4 Greenl. 532; *Morrill* v. *Brown*, 15 Pick. 173; *Lane* v. *Nowell*, 15 Maine R. 86.

*Williams*, *pro se*, said the Revised Statutes could not influence this case, as the process was served upon the trustee before those statutes were in force.

The trustee cannot be charged, because he had not, at the time he was summoned, any money in his hands.   Bills were laid down upon his table, but they had not been touched by him, and he had disclaimed having any thing to do with them. His taking them up after the service, and holding them for whom it might concern, could not make him liable.

If he were the right person to whom the payment was to be made, as he refused to take the money, it remained the property of the person offering it.

But the tender amounted to nothing, as the trustee did nothing to excuse a legal tender.

If the money had been paid as betterments, and received by the trustee as such, still he could not have been holden, because it would have been received by him as an officer of the law.   He had no power to receive the money as attorney, and he disclaimed such power at the time.   It could make no difference in that respect, whether the money was paid to the clerk or to any person duly appointed to receive the money. Besides, the offer was made to him as an officer of the Court, and not as attorney.   He stood in the same situation as an administrator, sheriff or county treasurer.   7 Mass. R. 438 ; 9 Mass. R. 537; 4 Greenl. 532; 3 Mass. R. 289; 7 Mass. R. 259; 8 Mass. R. 246 ; 2 Fairf. 185.

The opinion of the Court, TENNEY J. having been employed in holding the jury Term in the County of Washington at the time of the argument, and taking no part in the decision of this or of the next case, was drawn up by

WHITMAN C. J. — The trustee in this case claims to be discharged because, at the time of the service of the writ upon

him, he had not, as he contends, any goods, effects or credits entrusted to or deposited with him belonging to the debtor. But in whose possession or under whose dominion and control was the money tendered to, and left with him, in his office, on his table, and in his sight, after Mr. Abbot left his, the trustee's office, as stated in the disclosure? It had been ordered by the Court, in pursuance of a provision in the statute, that it should be paid to him, he being the attorney of record of the debtor in the suit, in which the order was passed. At whose risk was the money after being so tendered, and left with the trustee? Would Bishop & al., Mr. Abbot's clients, be thereafter answerable for it? Did not the tender, and leaving of the money with Mr. Williams, the trustee and attorney of the defendant, operate as a complete discharge of Bishop & al.? Could the trustee, as such attorney, refuse to take care of it for his client? If he had allowed it to be lost, or had thrown it after Mr. Abbot, would he not, if the latter had refused to take charge of it, have been accountable for it to his principal? Was not the tender a lawful one? And if a lawful tender be made, and the money tendered be left with the person to whom tendered, or under his control, is not the person making the tender, thereby absolved from any after claim for the same? The person tendering may, if he will, if the tender of money be refused, take it away, and keep it till demanded of him. But is he obliged to do so? The trustee, however, in this case did finally take charge of the money. No objection was ever made that it was in bank bills. But the trustee says, that he protested against receiving the amount tendered, and disclaimed all authority to receive it; and that the process in this case was served upon him, after Mr. Abbot had left his office, and before he had taken the bills into his hands and possession. But in whose custody, and under whose control were they at that moment? Certainly not in Mr. Abbot's or his client's. The money was where the Court had ordered that it should be. Finally, the taking of the money at last into his hands, if such an act were essential for the purpose, must be regarded as a waiver of the former

protestation and disclaimer of authority to accept the tender. It was an admission of the rightfulness of it and an abandonment of the ground upon which it was at first refused. The judgment, therefore, in the Court below must be reversed, and the trustee must be adjudged to be chargeable.