# Commonwealth ex rel., Appellant, *v.* Sitler et al.

*Execution—Attachment execution — Funds in custodia legis—
Bail in hands of clerk of court—Cash bail accepted without author-
ity—Act of March 14, 1877, P. L. 3—Agreement of counsel—Con-
struction—Validity of attachment.*

1. A fund held by a clerk of court in his official capacity by vir-
tue of authority of law is in custodia legis and is exempt from at-
tachment, but where held by such officer in his private capacity,
and not by statutory provision, the fund is attachable.

2. A general power to take bail does not authorize the receipt of a
deposit of money in lieu thereof.

3. Under the Act of March 14, 1877, P. L. 3, authorizing the
clerk of the Quarter Sessions to take bail in certain cases, the clerk
is not authorized to accept a deposit of money in lieu thereof and
if he does so the fund so held is not in custodia legis and is at-
tachable.

4. Where judgments were entered on the bonds of a tax collector
against the collector and his surety, and upon refusal of the court
to open the judgments, an appeal was taken from the order entered
as to one of the judgments only and counsel agreed that the dispo-
sition of the appeal taken from the refusal of the court to open
such judgment should be conclusive of the facts in the other judg-
ments, such agreement only meant that the judgments from which
no appeal was taken should be opened only if the judgment whose
validity was questioned before the Supreme Court should be di-
rected to be opened and did not prevent the issuing of process on
the other judgments, pending the appeal.

5. Where in such case, the tax collector was convicted of em-
bezzlement and was allowed to appeal to the Superior Court from
the sentence imposed by the Court of Quarter Sessions and in al-
lowing the appeal the Superior Court ordered him to enter into a
recognizance in the sum of $5,000 for his appearance if the judg-
ment should be affirmed, and the surety on his bond as tax collector
deposited $5,000 cash with the clerk of the Court of Quarter Ses-
sions, the clerk was not authorized to accept such deposit and the
funds in his hands were not in the custody of the law and were
therefore properly attached on writ of attachment execution issued
against the surety.

Argued Feb. 19, 1918.  Appeal, No. 376, Jan. T., 1917,
by relator, from order of C. P. Schuylkill County, July
T., 1917, No. 281, quashing attachment, in case of Com-

monwealth of Pennsylvania ex rel. the County of Schuyl-
kill v. C. E. Sitler, Isaac Christ, S. G. Seligman, G. A.
Wilford, Nels Nelson, C. W. Royer, C. O. Seiber-
ling, Geo. Krell and L. F. Remaly.    Before BROWN,
C. J., POTTER, STEWART, FRAZER and WALLING, JJ.    Re-
versed.

Attachment execution.

Rule to show cause why writ of attachment execution
should not be quashed for matter appearing of record.
Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

The court made the rule absolute and quashed the writ
of attachment execution.    The Commonwealth of Penn-
sylvania ex rel. the County of Schuylkill appealed.

*Error assigned* was the order of the court.

*Arthur L. Shay*, with him *C. A. Snyder* and *John F.
Whalen*, for appellant.—Under the Act of May 19, 1897,
P. L. 67, the relator had the clear right to issue a writ of
attachment execution, as the relator never agreed that
the appeal taken from other judgments in this case
should operate as a supersedeas.

*J. O. Ulrich*, for appellees.

OPINION BY MR. CHIEF JUSTICE BROWN, May 6, 1918:

C. E. Sitler, a defaulting tax collector for the Borough
of Tamaqua for the years 1913, 1914, and 1915, was con-
victed of embezzlement and was allowed to appeal to the
Superior Court from the sentence imposed upon him by
the Court of Quarter Sessions of Schuylkill County.    In
allowing his appeal the Superior Court ordered him to
enter into a recognizance, in the sum of $5,000, for his
appearance if the judgment of the Court of Quarter Ses-
sions should be affirmed.    It was affirmed, and applica-
tion for an appeal to this court was refused.    Instead of

entering into a recognizance, as directed by the order allowing his appeal to the Superior Court, Sitler's father, W. A. Sitler, deposited, in lieu of it, $5,000 in cash with the clerk of the Court of Quarter Sessions, and this money was in the hands of the clerk when the judgment of that court was affirmed by the Superior Court. While Sitler's appeal was there pending judgments were entered in the Court of Common Pleas of the county upon the bonds given by him as tax collector, W. A. Sitler, his father, being a surety on each of them. One of these judgments was entered in the court below to May term, 1916, No. 328, and application to open it was refused. The refusal to open it was affirmed by this court: Commonwealth ex rel. Schuylkill County et al. v. Sitler et al., 258 Pa. 570. After C. E. Sitler's petition for an appeal to this court from the judgment of the Superior Court had been refused, he surrendered himself to the sheriff of the county, to comply with the sentence of the Court of Quarter Sessions, and this attachment in execution thereupon was issued by the County of Schuylkill upon one of the judgments entered on the tax collector's bond. The garnishee named was the clerk of the Court of Quarter Sessions, with whom W. A. Sitler had deposited the $5,000 in cash in lieu of a recognizance. Upon his motion the attachment was quashed, because (1) It had been issued upon a judgment as to which there was an agreement by counsel of record that the action of this court on the appeal taken from the refusal to open the judgment to May term, 1916, No. 328, should be controlling; and (2) The money deposited with the clerk of the Court of Quarter Sessions was in the custody of the law, and, therefore, not liable to attachment. From the order quashing the attachment the county has appealed.

The agreement that the disposition of the appeal taken from the refusal of the court below to open the judgment entered to May term, 1916, No. 328, "should be conclusive of the facts in this judgment," though somewhat ambiguous, evidently meant that the judgment upon which

this attachment issued should be opened only if by our decree the judgment entered to May term, 1916, No. 328, should be opened. There was no agreement that, during the pendency of the appeal to this court, process should not issue on any of the other judgments which the lower court had refused to open, and there was, therefore, no violation of the agreement in issuing this attachment ad lev deb. on the judgment entered to May term, 1916, No. 329. In issuing it the County of Schuylkill assumed the risk of a reversal by this court, which might have had the effect of rendering the attachment fruitless, but there was no such reversal. In holding that the attachment was issued in violation of the agreement, the learned court below made it broader than was warranted by its terms as brought up on this appeal.

If the moneys attached in the hands of the clerk of Quarter Sessions were held by him in his official capacity as such officer, by virtue of some law authorizing him to so hold it, they would undoubtedly have been exempt from attachment, for they would have been in custodia legis. The test of their exemption is a very simple one. The clerk was either authorized to receive them, or he was not so authorized, and, if not, they were not in his hands as an officer of the law. No statute authorized him to receive the moneys. His only authority, when the Superior Court allowed Sitler's appeal, was to take bail or a recognizance for the defendant's appearance under the Act of March 14, 1877, P. L. 3, which is as follows: "The clerks of the several Courts of Quarter Sessions and Oyer and Terminer of this Commonwealth shall hereafter have authority, in all cases, excepting in the case of a defendant charged with treason, felonious homicide or voluntary manslaughter, to take bail and recognizances, and approve such bonds as may be required by law, whenever the law judge or judges, and associate judges, if there be associate judges, shall be absent from the county seat, or shall be unable on account of sickness or other cause to attend to the duties of their office." The order

of the Superior Court was that Sitler should enter into a recognizance to appear, and the clerk of the court should have taken nothing else, for nothing else would have been in compliance with that order. If a practice has arisen under which clerks of the Courts of Quarter Sessions accept cash deposits in lieu of bonds or recognizances, no such practice is authorized by law. A general power to take bail does not authorize the receipt of a deposit of money in lieu of it: U. S. v. Faw, 1 Cranch 486; Butler v. Foster, 14 Ala. 323; Dunlap v. Patterson, 74 N. Y. 145; and where a clerk or other officer of the court holds funds in his private capacity, and not by statutory provision, the fund is attachable in his hands: Weaver, Admr., v. Davis, 47 Ill. 235; Morse v. Holt, 22 Me. 180. The deposit of the $5,000 by W. A. Sitler with the clerk of the court was a voluntary act on his part, neither required nor authorized by law, and the receipt of the deposit by the clerk was equally unauthorized. The money was, therefore, to be regarded as W. A. Sitler's, and liable to attachment for his indebtedness.

The order of the court below quashing the attachment is reversed, and the attachment is reinstated, the costs on this appeal to be paid by the appellee.