## Hine v. Feese.

*J. P. Carpenter*, for plaintiff; *J. W. Bassler*, for defendant.

LLOYD, J.—On Sept. 19, 1927, the plaintiff secured a judgment of possession against the defendant for premises situate in the Borough of Northumberland in this county, together with a money judgment for $40. At the same time, the defendant filed an affidavit of appeal. On Sept. 22nd following, the attorney for defendant filed a certified check payable to the Commonwealth of

Pennsylvania for the sum of $50. The record shows payment of justice and constable costs. The plaintiff on Dec. 19, 1927, presented his petition and secured a rule to show cause why the said appeal should not be quashed and stricken from the record. The plaintiff by his petition challenges the validity of the appeal on the ground that defendant "did not file good and sufficient bail absolute for the payment of debt, interest and costs that have and will accrue in affirmance of the judgment as required by the Act of May 29, 1907, P. L. 306."

The precise question here raised is correctly stated by the plaintiff as follows: "Is the deposit of a certified check with the justice of the peace sufficient recognizance or bail absolute as required by the acts of assembly regulating cases of appeal from the judgment rendered by the justice of the peace in civil actions; and will the deposit of such a check operate to perfect an appeal?"

By the Act of May 29, 1907, P. L. 306, two methods of appeal were open to the defendant. He might pay the costs and give bail absolute in double the probable amount of costs accrued and likely to accrue, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that might be legally recovered in such case against the appellant, in accordance with the provisions of the Act of March 20, 1845, P. L. 188, or he might give good and sufficient bail absolute for the payment of debt, interest and costs that had accrued and would accrue on affirmance of the judgment, in which event he would not be required to pay any costs before taking the appeal: Lentz v. Kittanning Real Estate Co., 72 Pa. Superior Ct. 513.

In the case of Com. v. Sitler, 261 Pa. 261, 265, it was held that "A general power to take bail does not authorize the receipt of a deposit of money in lieu of it."

Similarly, the case of Steam Heat and Power Co. v. Hutchinson, 3 Dist. R. 657, holds that "When the recognizance in an appeal from a justice is defective, the appellant should be called upon by rule to perfect it within a given period. This rule is, however, confined to cases in which the appellant has entered an imperfect or irregular recognizance; it does not apply where no security has been attempted to be given. The depositing of money with the justice of the peace is not a compliance with the act or a giving of a recognizance, and an appeal based thereon will be stricken off."

These cases are directly in point and the discussion could well end here. However, it may not be amiss to advert to the fact that the check in the present case is made payable to the Commonwealth of Pennsylvania, which is neither a party to nor has any interest in the outcome of this appeal, and, hence, affords no protection to the plaintiff. There is nothing on the face of the check to indicate the purpose for which it was delivered to and held by the justice, and no obligation created thereby except to pay the sum of $50 to the Commonwealth of Pennsylvania, and in no aspect of the case can be regarded "as bail absolute" within the meaning of the said Act of May 29, 1907.

In the case of Kuhns v. Sack, 28 Dist. R. 1031, it was held: "In an appeal from a judgment of a justice of the peace, if an irregular form of bond or recognizance has been given by the appellant, it would not be proper to make absolute a rule to strike off such appeal without first affording the appellant an opportunity to perfect the appeal by amending the defective bond or recognizance; but where no obligation whatever has been given, or attempted or offered to be given, there is an entire defect of a thing indispensable to the existence of an effective appeal, not a mere irregularity susceptible of amendment, and in such case the appeal should be stricken off." Here, as there, the

appeal lacks an indispensable element to its perfection and cannot be sustained. The question as stated, *supra*, must be answered in the negative.

And now, April 9, 1928, rule absolute, and it is hereby ordered, adjudged and decreed that the appeal of the defendant to the above number and term be and is hereby quashed and stricken from the record.

An exception is noted and bill sealed for the defendant.

. From C. M. Clement, Sunbury, Pa.