George Patterson, Appellant, *v.* I. N. Harkless, P. C. Harkless et al.

Argued April 16, 1929.

142

*H. W. Dumbauld,* for appellant.—An attaching creditor may petition to set aside an illegal sentence: Commonwealth ex rel. Wilhelm v. Morgan, 278 Pa. 395.

Money paid to sheriff under an illegal sentence is not in custodialegis: Commonwealth ex rel v. Sitler et al., 261 Pa. 261.

No appearance and no printed brief for appellee.

Opinion by Baldrige, J., July 2, 1929:

The two defendants were convicted of keeping a bucket shop and of conspiracy. The trial judge imposed a fine of six hundred ($600) dollars on each of the defendants on the former charge, but did not impose any fine on the conspiracy charge. After the imposition of the sentence, each of the defendants paid the sheriff of Fayette County the sum of six hundred ($600) dollars. At that time the defendants were judgment debtors of the appellant in a sum exceeding the amount of the fine. The appellant caused an attachment to be issued, attaching the funds in the hands of the sheriff, alleging that under the law any person convicted of keeping a bucket shop could not be fined less than twenty-five ($25) dollars, nor more than one hundred ($100) dollars, and that, therefore, the sentence imposed was void. The court dissolved

the attachment, holding that the money in the hands of the sheriff was in custodia legis and was not attachable. The appellant contends that this case is ruled in principle by Commonwealth ex rel. v. Sitler et al., 261 Pa. 261. A defaulting tax collector convicted of embezzlement was allowed to appeal to the Superior Court conditioned that he enter into a recognizance in the sum of five thousand ($5,000) dollars for his appearance, if the judgment of the court of quarter sessions should be affirmed. Instead of entering into a recognizance, as directed by the order allowing the appeal, the defendant's father deposited in lieu thereof, five thousand ($5,000) dollars in cash with the clerk of the court of quarter sessions, and this money was in the hands of the clerk when the judgment of the court of quarter sessions was affirmed. The defendant surrendered himself to the sheriff of the county and the money in the hands of the clerk was attached. The lower court quashed the attachment and held that the money thus deposited was in the custody of the law and therefore not attachable. Upon an appeal, the Supreme Court held that if the money was held by the clerk of the court of quarter sessions in his official capacity as such officer, by virtue of some law authorizing him to so hold it, that it would undoubtedly have been exempt from attachment, but if the clerk's only authority was to take bail or a recognizance for the defendant's appearance, the accepting of the cash deposit was a faulty act on his part, that he was neither required nor authorized by law to do, and the order of the court below quashing the attachment was reversed.

The situation in the present case is quite different. The fine paid by the defendants was not a voluntary act but under a sentence imposed by the court, and was paid to the garnishee in his official capacity as sheriff, and belonged to Fayette County, not the de-

fendants. There was no appeal taken from the imposition of this sentence and until it was judicially determined to be void, it was in force. It is argued by the appellant that the sentence was void and as ineffective as though the defendants had been committed to prison and had been released by virtue of a habeas corpus proceeding. We concede that if a defendant has an illegal sentence imposed upon him that a court can decree it void under a habeas corpus proceeding, but until such a proceeding is brought, and the sentence is judicially declared illegal, the defendant must remain in prison and the warden does not have the authority to release him. It was not for the sheriff, nor for this appellant to question the right of the court to impose such fine. If the defendants had raised the question and the court's sentence had been changed, then there would be a different question confronting us.

The judgment of the lower court is affirmed.