## Wingard v. Bobal

*Benjamin F. Black* and *Samuel H. Goodman,* for plaintiff.

*Lewis R. Long,* for defendant.

LAUB, J., December 15, 1941.—This is a rule to show cause why the above appeal should not be quashed and stricken off.

The facts are that plaintiff recovered a judgment for $112.14 against defendant on September 8, 1941, before Alderman E. D. Warg of the City of Bethlehem, Northampton County. On the 15th day of September, 1941, defendant appeared before said alderman and made the statutory affidavit for the purpose of taking an appeal to court. On the transcript of the alderman the appeal bond appears as follows:

"Now, September        1941, Defendant     appeal. Bail justified, I am held in the sum of $50 cash as bail absolute in this case, continued for the payment of all costs accrued, or may be legally recovered against the Appellant.

A. S. Bobal

Address:

702 E. Sixth St., Bethlehem, Pa.

Sworn and subscribed before me this 15th day of September, 1941.

E. D. Warg

(Official Title)

My commission expires first Monday of January, 1942."

The petition for the rule is based substantially on the fifth paragraph of the petition which is as follows:

"5. That your petitioner is advised by his counsel, and therefore avers, that the said appeal taken by defendant is fatally defective, in that defendant has failed to file or tender a bond or recognizance, with

one or more sufficient sureties, conditioned for the payment of .all costs accrued or that may be legally recovered in the action, as required by section 1 of the Act of March 20, 1845, P. L. 188, 42 PS §921."

By the Act of May 29, 1907, P. L. 306, two methods of appeal were open to defendant. He might pay the costs and give bail absolute in double the probable amount of costs accrued and likely to accrue, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that might be legally recovered in such case against appellant, in accordance with the provisions of the Act of March 20, 1845, P. L. 188, or he might give good and sufficient bail absolute for the payment of debt, interest, and costs that had accrued and would accrue on affirmance of the judgment, in which event he would not be required to pay any costs before taking the appeal: Lentz v. Kittanning Real Estate Co., 72 Pa. Superior Ct. 513.

It is true that when defendant deposited $50 cash with the alderman he did so without any warrant of law.

"The depositing of money with the justice of the peace is not a compliance with the Act or a giving of a recognizance, and an appeal based thereon will be stricken off": Steam Heat & Power Co. v. Hutchinson, 3 Dist. R. 657 (syllabus).

The respondent to the rule relies on the act of assembly approved April 22, 1909, P. L. 115, 12 PS §561. However, the act does not apply to actions other than those of which the court of common pleas has original jurisdiction. Therefore, it follows that the appeal bond entered before Alderman Warg by respondent to the rule was not in compliance with the law.

However, it appears that respondent, in his capacity as defendant, made an honest effort to take an appeal to our court of common pleas so that he could have his rights decided by a jury trial.

Respondent has a defective recognizance and he is entitled to perfect same. In fact, at the time of the oral argument before said court counsel for respondent orally moved the court to permit appellant to perfect his appeal bond. The great weight of authority in our State is to the effect that an appellant be allowed to perfect his appeal recognizance or bond.

In Koenig v. Bauer, 57 Pa. 168, 171, it is stated:

"It has been said so often that it will scarcely bear repeating, that the proper course when the recognisance of an appellant is defective or invalid, is not to dismiss the appeal, but to rule him to amend or perfect it, and to dismiss only as the penalty of neglect or refusal. The right of appeal and of trial by jury is too precious to be frustrated by the ignorance, incompetency or malice of inferior magistrates and officers: Means v. Trout, 16 S. & R. 349; Huntingdon Borough v. Jackson, 2 Penna. R. 431; Bream v. Spangler, 1 W. & S. 378; Adams v. Null, 5 Id. 363; Ihmsen v. Mon. Nav. Co., 3 Casey 267."

"Where bail, on appeal, is defective in form, but the record indicates a *bona fide* attempt to comply with statutory requirements, an opportunity to perfect the appeal by filing a proper bond will be given": Erdley v. Harpster, 11 D. & C. 211 (syllabus).

The law favors the right of appeal. It involves the right of trial by jury. Where an appeal has been taken in good faith, and within the time prescribed by law, it is usual to allow a defect to be amended; in other words, to perfect the appeal. So where a recognizance is defective, it is usual to allow it to be perfected where it produces no delay and does the other side no injury. The books are full of such cases: Womelsdorf v. Heifner, 104 Pa. 1, 4.

One of the cases relied on by petitioner for the rule is that of New Castle Metal Products Co. v. Campbell, 131 Pa. Superior Ct. 367, where the rule was made absolute and the appeal stricken off, but that case is different from the instant one because there the appellant

tendered no bond or recognizance with security. In the instant case a defective recognizance has been entered.

In 1902 our court of common pleas passed on a somewhat similar proposition in an opinion written by the late Judge Scott. In that case a certified check had been filed as security for costs. Judge Scott there held as follows:

"Where appellant from a judgment before a magistrate has omitted to give bail for costs, but deposited in lieu thereof a certified check, this is fatal if not corrected, but, he will be permitted to perfect the appeal upon application before the first day of the term when the transcript is, by statute, required to be filed": Kohl v. Allen, 27 Pa. C. C. 141 (syllabus).

In the instant case there will be no delay by allowing appellant an opportunity to perfect his appeal bond since appeal cases will not be heard by juries until the third Monday of February, 1942; neither will plaintiff be prejudiced by allowing this to be done, because if he has a meritorious claim he should not be afraid to submit it to a jury.

We have a right to make the order hereinafter mentioned with regard to the costs thus far accrued.

And now, December 15, 1941, it is ordered that defendant have leave to perfect his appeal within ten days from this date by entering a recognizance before the prothonotary of said court with one or more sufficient sureties in the sum of $250, conditioned for the payment of the real debt and all the costs accrued that may be legally recovered against him. It is further ordered that appellant pay all costs accrued to date including prothonotary's costs, in default of which the rule to strike off the appeal will be made absolute, otherwise discharged.

After such appeal bond has been entered plaintiff is allowed 10 days' time in which to file his statement of claim, and after service of same on defendant, defendant is then allowed 15 days' time to file his affidavit of defense.