123 So.2d 101

John C. SCHOONMAKER

v.

Helen E. SCHOONMAKER.

5 Div. 728.

Supreme Court of Alabama.

Sept. 15, 1960.

J. Sydney Cook, Jr., and Ruth S. Sullivan, Auburn, for appellant.

Walker & Walker, Opelika, and Smith & Smith, Phenix City, for appellee.

LAWSON, Justice.

The appeal is from a decree of the Circuit Court of Lee County, in Equity, overruling demurrer to a cross-bill.

Submission here was on appellee's motion to dismiss the appeal and on the merits.

### Motion to Dismiss

■ Appellee seeks the dismissal of the appeal on the ground that appellant failed to file proper security for costs within the time prescribed for the taking of the appeal.

The bond to secure costs of appeal which the register approved, although timely filed, was signed only by the appellant, who also deposited the sum of $50 with the register. There was no surety or sureties. This was not the security required by law.

But appellant has given a sufficient bond which was approved by the register and certified to this court prior to submission. Hence the motion to dismiss the appeal must be overruled. Section 806, Title 7, Code 1940; Hall v. Proctor, 239 Ala. 211, 194 So. 675, and cases cited. We have ex- amined the original transcript in the case of Hall v. Proctor, supra. We find that the bond which the register approved in that case was signed by only two of the appellants and by no surety. Yet this court refused to dismiss the appeal when good and sufficient bond was filed here prior to submission. Our holding in Hall v. Proctor, supra, is in effect a recognition of the fact that a bond of the kind which the register approved in this case, while defective, was sufficient to transfer jurisdiction to this court. See Rosser v. Rosser, 262 Ala. 38, 76 So.2d 781; Terry v. Gresham, 254 Ala. 349, 48 So.2d 437.

### On the Merits

■ The cross-bill, by the wife, seeks separate maintenance without divorce. The original bill, by the husband, which has been dismissed, sought an absolute divorce on the ground of voluntary abandonment.

It is contended by the husband, the appellant, that the cross-bill is insufficient in that it does not allege that the husband has failed or refused to provide for the wife's support and maintenance. Reliance is had upon the case of Ex parte O'Connell, 265 Ala. 526, 92 So.2d 911, where there was a total absence of any averment to the effect that the respondent husband had failed or refused to provide for the wife's support and maintenance during their period of separation.

The cross-bill in this case avers that at the time it was filed the husband, the cross-respondent, was not supporting and maintaining the cross-complainant, although he had previously contributed to her support and maintenance following their separation. The cross-complainant also alleges that the amount which she should receive for her support and maintenance should be substantially in excess of the amount previously paid to her by the cross-respondent before he discontinued such payments.

While the cross-bill in this case could have been broader and more specific in its averments, yet it has been repeatedly held

that bills of this character need not be as full as a bill for divorce. Love v. Love, 239 Ala. 166, 194 So. 555.

We hold that the cross-bill is not subject to the only ground of demurrer which is argued here, which is, there is no equity in the cross-bill.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.