**Mellon National Bank v. Black**

*James A. Stranahan, 3rd,* for plaintiff.
*Joseph J. Nelson,* for defendant.

ACKER, J., July 24, 1969.—Defendant, D. Edison Black, has secured a rule to show cause why an appeal from a justice of the peace by plaintiff, Mellon National Bank, should not be quashed.

After hearing before the justice of the peace, the claim of plaintiff of $460 was denied and judgment given in favor of defendant, whereupon plaintiff, according to the transcript, ". . . deposited in this office an affidavit of appeal together with the cashier's check in the amount of $50.00 to cover costs . . . No costs to this day have been paid this office."

It is well established that: "A party appealing from the judgment of a justice of the peace may choose between two methods: (1) He may pay the costs and enter bail absolute in double the probable amount of costs accrued and likely to accrue, with one or more sureties, conditioned for the payment of all costs accrued or that may be legally recovered against appellant; or (2) enter good and sufficient bail absolute for the payment of debt, interest and costs that have accrued or will accrue upon the affirmance of the judgment, in which case appellant is not required to pay any costs before taking the appeal": Acts of March 20, 1845, P. L. 188, 42 PS §921, and May 29, 1907, P. L. 306, 42 PS §928; Lentz v. Kittanning Real Estate Company, 72 Pa. Superior Ct. 513; Perin v. Gochnauer, 173 Pa. Superior Ct. 609, p. 610, 34 A. 2d 295 (1953).

An appeal will be quashed for failure to pay all costs accrued unless the appellant gives bail absolute for payment of debt, interest and costs which have accrued and will accrue on affirmation of a judgment: New Castle Metal Products Company v. Campbell, 131 Pa. Superior Ct. 367, 200 Atl. 118 (1938).

The transcript indicates that one Michael P. Morgus, agent for plaintiff, took the appeal. It may be argued, as held in Perin v. Gochnauer, supra, that it was the duty of the justice of the peace to demand from appel-

lant the costs and to require appellant to pay them upon being informed of the amount. This may be especially true when a certified check in the amount of $50 is deposited. However, that does not satisfy the requirement of either the Act of March 20, 1845, P. L. 188, sec. 1, 42 PS §921, or the Act of May 29, 1907, P. L. 306, sec. 1, 42 PS §928.

Where no bond or recognizance whatsoever is filed, the appeal will be dismissed or struck off: Guilky v. Gillingham, 3 S. & R. 93 (1817); McElhaney v. Holland, 111 Pa. 634 (1886); New Castle Metal Products Company v. Campbell, supra, page 369. A distinction is made between a defective recognizance and none at all: Milides v. Vlahakis, 79 D. & C. 86 (1951).

Nor is an appellant entitled to appeal simply upon payment of costs without giving bail for costs likely to accrue. The Act of 1907 does not repeal the Act of 1845 in this respect: Langford v. Evans, 45 Pa. C. C. 52, 26 Dist. R. 896 (1916).

The specific problem here raised was present in Hine v. Feese, 12 D. & C. 111 (1927). There, the attorney for defendant filed a certified check payable to the Commonwealth of Pennsylvania for the sum of $50. There was no effort to post bail absolute either for the costs or for debt, interest and costs under either statute. The court states, page 112:

"In the case of Com. v. Sitler, 261 Pa. 261, 265, it was held that 'A general power to take bail does not authorize the receipt of a deposit of money in lieu of it.' [The appeal was quashed.] Similarly, the case of Steam Heat and Power Company v. Hutchinson, 3 Dist. R. 657, holds that, 'When the recognizance in an appeal from a justice is defective, the appellant should be called upon by rule to perfect it within a given period. This rule is, however, confined to cases in which the appellant has entered an imperfect or ir-

regular recognizance; it does not apply where no security has been attempted to be given. The depositing of money with the justice of the peace is not a compliance with the act or a giving of a recognizance, and an appeal based thereon will be stricken off.' "

There, the attorney for appellant against whom a $200 judgment had been awarded by a justice of the peace delivered a check of $50 to the justice of the peace with an accompanying letter. This letter stated that appellant was entering bail in that amount, "condition for all costs that have accrued or may accrue in this case up to the final determination of this suit." This was held to be insufficient and the appeal was stricken.

In Frecon v. Mumper, 27 D. & C. 511 (1936), defendant did, in fact, file a bond substantially in conformity with the requirements of the Act of March 20, 1845, P. L. 188, 42 PS §921. However, he neglected to pay the costs which was necessary to perfect the appeal. This was held to be an incurable defect, for once defendant's method of appeal failed he could not perfect it by not paying the costs accrued and later turn to a second method of appeal by changing the conditions of the bond, so as to cover the debt, interest and costs under the guise of perfecting a recognizance. In the instant case, appellant made no pretext of filing any bail or bond.

The Superior Court in Gable v. Chintala, 212 Pa. Superior Ct. 471, 243 A. 2d 487 (1968), discusses this matter, at page 475:

"It has been held in several cases that the deposit of cash does not meet the requirements of the Act of March 20, 1845, P. L. 188, 42 PS §921. See Steam Heat and Power Company v. Hutchinson, 3 Dist. 657 (1894); Hughes v. Hughes, 10 Luz. Reg. 85 (1900); Hine v. Feese, 42 York 89 (1928); Wingard v. Bobal,

45 Pa. D. & C. 130 (1941); Sweeney v. McAdams, 35 Del. Co. Rep. 339 (1947)."

It explains the reason for the rule (page 475) as:

"It may be strange that cash should not be just as acceptable as a bond as security for an appeal. In fact, it would appear to be more so, since the cash is available immediately, whereas it might be necessary to enter suit on the bond before it could be collected. However, the reason appears in Commonwealth ex rel., Appellant, v. Sitler, 261 Pa. 261, 265, 104 A. 604 (1918). There being no authority to give or receive cash, the latter would not be in custodia legis and would, therefore, be subject to attachment by depositor's creditors."

That very situation arose in Bauman v. Bittner, 152 Pa. Superior Ct. 628, 33 A. 2d 273 (1943), where it was held that a prothonotary held none of the money as an officer of the court, but only as an individual.

This case is similar to Parkins v. Harshman, 44 D. & C. 2d 496 (1968), where no bail was ever posted either under the Acts of 1845 or 1907, as in the instant case. The court held that appellant had an option of two methods of procedure, but failing both, there was an incurable defect and the appeal was stricken. This court agrees with the position there taken.

Wherefore, the rule to show cause why the appeal should not be stricken is made absolute.

## ORDER

And now, July 24, 1969, the rule to show cause why the appeal should not be quashed or stricken is made absolute and the appeal at the above-captioned number and term is stricken. The prothonotary shall cash appellant's certified check and remove therefrom such moneys as are required to pay all costs to date and return the balance to appellant after the appropriate appeal period in such matters shall have passed.