253 So.2d 521

**Sylvester FINLEY et al.**

**v.**

**Norman D. PLESS.**

**7 Div. 897.**

Supreme Court of Alabama.

Sept. 9, 1971.

Rehearing Denied Nov. 4, 1971.

Arthur D. Shores, Birmingham, for appellants.

W. F. Spencer, Birmingham, Karl C. Harrison, Hewitt Conwill, Columbiana, for appellee.

LAWSON, Justice.

From a final decree of the Circuit Court of Shelby County, in Equity, rendered in a suit for specific performance of a written contract to convey land, the respondents endeavor to appeal.

We do not find any appeal bond in the record.

The record does contain the following entry:

"Respondents herewith deposit the sum of Seven Hundred Fifty ($750.00) Dollars, as security for costs, as designated

by the Honorable Kenneth F. Ingram, Circuit Judge in Equity Sitting.

"TAKEN and APPROVED this 13th day of January, 1971.

Sarah Ozley
Register

Filed:                    January 13, 1971"

It has long been the rule that a deposit of money is not a sufficient security for costs of appeal to this court.—Gray v. State ex rel. Attorney General, 279 Ala. 333, 185 So.2d 125, and authorities cited.

In the *Gray* case, *supra*, no bond to secure costs of appeal was filed but, as in this case, a deposit of money was made in lieu of making an appeal bond. No motion to dismiss the appeal was filed by appellee. We dismissed the appeal *ex mero motu*.

The concluding paragraph of our opinion on application for rehearing in the *Gray* case reads as follows:

"In summary, we hold (1) that no appeal was 'taken' in this case as that word is used in our appeal statutes, (2) that no appeal was taken within the time prescribed by law, (3) that nothing happened to transfer jurisdiction from the circuit court to this court, (4) that where this court has no jurisdiction, a purported appeal must be dismissed ex mero motu, and (5) that in such cases, there can be no application of the waiver rule nor do the remedial statutes, Tit. 7, §§ 805, 806, Code 1940, apply." (279 Ala., 340, 185 So.2d 132.)

Our holding in the *Gray* case, *supra*, has not been overruled by this court and our research does not disclose the enactment of any law which authorizes the deposit of money in lieu of the making of a bond to secure costs of appeal to this court.

In view of the foregoing, it is ordered that the appeal be dismissed.

Appeal dismissed.

MERRILL, COLEMAN, BLOODWORTH and McCALL, JJ., concur.

HEFLIN, C. J., and SIMPSON, HARWOOD and MADDOX, JJ., dissent.

MADDOX, Justice (dissenting).

The practical effect of the majority decision is to dismiss the appeal on our own motion because $750 deposited with the Register is not security for the payment of the costs of this appeal which will be between $15–$20. I do not believe our legislators ever intended such a result and I must respectfully dissent.

I recognize that the majority merely follows the holdings made in Gray v. State ex rel. Attorney General, 279 Ala. 333, 185 So.2d 125 (1966), which followed American Federation of Musicians v. Moss, 277 Ala. 169, 168 So.2d 12, (1964), but I think the opinions in *Gray* and American Federation of Musicians v. Moss, are so incorrect that they should be overruled and rejected.

When the question of the adequacy of "security for costs" has been presented to our Court in the past, prior to the decision in American Federation of Musicians v. Moss, it appears that the point was raised by a motion to dismiss the appeal filed by the appellee on the ground that the security for costs was insufficient. Even in such cases, this Court would grant the motion *conditionally* and give the appellant time within which to file proper "security for costs."

In Harris v. Barber, 237 Ala. 138, 186 So. 160 (1939), the appellant made a money deposit with the Clerk of the trial court as "security for costs" of appeal. A motion was filed to dismiss the appeal because no "security for costs" was filed as required by statute. This Court *did not dismiss the appeal*, even though a motion had been filed by the appellee asking for a dismissal, but granted appellee's motion conditionally and gave the appellant sixty days to file proper security for costs, which was

done and the appeal was then considered on the merits. Similarly, in Williams v. Home Owners' Loan Corporation, 236 Ala. 700, 184 So. 910 (1938), this Court granted the appellant sixty days to file a proper "security for costs." The appeal was dismissed only after appellant failed to comply with the order. Mr. Justice Lawson, the author of the majority opinion here, in Schoonmaker v. Schoonmaker, 271 Ala. 216, 123 So.2d 101 (1960), refused to grant a motion to dismiss an appeal because proper security for costs had not been filed. There, the bond was signed only by the appellant, *who also deposited the sum of $50 with the Register.* The Register approved the bond. The appellant then filed another bond prior to submission, and the motion to dismiss was overruled and the appeal was considered on its merits.

The record here shows the cash deposit was approved by the Register as "security for costs *as designated* by the Honorable Kenneth F. Ingram, Circuit Judge in Equity Sitting." While the record does not show that anything was signed by the appellant here, as was the case in *Schoonmaker,* I think there is no valid distinction created because of the appellant's failure to acknowledge himself security for costs. In Everitt v. Everitt, 279 Ala. 64, 181 So.2d 504 (1966), this Court said:

"The security for costs need not be signed by the appellant. *All that is necessary is the giving of security for the costs which is satisfactory to the clerk or register.* That requirement was met here. See: Code 1940, Tit. 7, §§ 766, 792; Dollar v. McKinney, 267 Ala. 627, 630, 103 So.2d 785; Rush v. Newsom Exterminators, 261 Ala. 610, 613, 75 So.2d 112; McKinstry v. Thomas, 258 Ala. 690, 697, 64 So.2d 808; Clary v. Cassels, 258 Ala. 183, 188, 61 So.2d 692; Mayfield v. Court of County Com'rs of Tuscaloosa County, 148 Ala. 548, 551, 41 So. 932." (Emphasis added.)

While it may have been of no importance to the decision in Gray v. State, supra, the certificate there did not show the amount of cash deposited nor that it was "approved" by the Register. In this case, both the amount deposited and its approval by the Register affirmatively appear in the record.

One of the requirements for taking an appeal is "by giving *security for the costs of* the appeal to be approved by the clerk or register, or court." Title 7, § 766, Code, 1940 (Recomp.1958). The language of the statute does not read, "by giving an appeal bond to secure the costs of the appeal." Admittedly, some of our prior cases would seem to construe the words, "security for costs" to mean "a bond."

It would seem to me that the object of requiring security for costs of an appeal is to protect the appellee against further trouble, expense and costs while the case is being reviewed. Here, the deposit of $750 to cover costs of this appeal of between $15–$20 is more than adequate. Money would be as good security, if not better than a bond, because bondsmen fail, but cash security is as good as the United States Government. See Parrish v. Yeiser, 41 Tenn.App. 690, 298 S.W.2d 556 (1955), (bond required but court accepted cashier's check as compliance); see also Overstreet v. First National Bank, Tex.Civ.App., 68 S.W.2d 277 (1934), (bond required but court said cash deposit would be as good security).

It is anomalous to me that *cash in hand* is not more secure than *an undertaking to pay cash,* and I think the legislature did not intend the contrary. The legislature could not have intended that "cash" could not be accepted and approved in lieu of a mere undertaking to pay a *cash amount,* especially since it used the words "security for costs" rather than "bond with sureties."

Several cases from other jurisdictions are cited in the *Gray* case, supra, for the proposition that a majority of courts have decided that a deposit of money cannot be given in lieu of an undertaking or bond on

appeal where the pertinent statute or rule does not specifically authorize such a deposit. See 65 A.L.R.2d 1137. A reading of these cases from other jurisdictions, however, shows that the statutes the courts are construing contain the words "appeal bond", or "undertaking", or "recognizance." [1] Our statute does not read "appeal bond", but "security for costs." I think that under our statute the clerk, register or court is granted the authority to accept and approve anything which would *secure the costs of the appeal,* including cash. The object of the statute is to make sure the *costs* of the appeal are paid. The legislature has granted to the clerk, register and the court the authority to accept and approve what he considered to be necessary to secure the costs of the appeal.

I have discovered but one decision from another jurisdiction which construes a statute similar to ours containing the word "security" instead of "bond," "undertaking" or "recognizance," and in that case, the Supreme Court of Georgia reached the same result I would reach in this case. In Hill v. Hudspeth, 22 Ga. 621 (1857), an appeal was taken from an ordinary to the superior court. It appeared that instead of giving bond, the appellant had paid all the costs that had accrued, and deposited with the ordinary a sum of money sufficient to pay all future costs. The Supreme Court of Georgia said:

"All the statute requires of appellant is, to give security. Cobb's Dig. 283. The word is security, not surety, and the word, strictly taken, means not a person—a person who becomes bound for another, but a thing, such a thing, as a bond, or promissory note, a mortgage, a power, a deposite (sic) of money."

In our *Gray* case, there is mention made that, since the statute does not authorize a cash deposit, the money deposited would not be held *in custodia legis,* citing this Court's early case of Butler v. Foster, 14 Ala. 323 (1848) for the proposition that since no statute permitted the clerk to receive a cash deposit as bail, the $500 cash was not received by the clerk in the discharge of any o  ial duty prescribed by law, and neither the clerk nor his sureties was liable to the county treasurer for the money, and the money did not become the

---

1. The cases cited in *Gray* are set out here with pertinent part of the statutes involved:

S. & S. Builders, Inc. v. Eagle Truck Transport, Inc., 11 Terry 346, 50 Del. 346, 130 A.2d 558 (an appeal from a J. P. Court to Circuit Court and the statute sets out the *actual form of bond* required to perfect the appeal).

Gordon v. Camp, 2 Fla. 23 (*"bond with one or more securities* shall first be entered into").

Marks v. Waiahole Water Co., 36 Hawaii 188 (statute provided that no writ of error should issue until a bond had been filed with the clerk).

Beckwith v. Kansas City & Olathe R. R., 28 Kan. 484 (statute set out specifically the *contents* and *conditions* of the *undertaking).*

Alvord & Son v. Mallory, 10 Ky.Law Rep. 80 (*bond* for costs).

State ex rel. Maxwell v. Sevier (Mo. App.) 179 S.W.2d 492 (statute called for a *bond with security* to be set by the Probate Judge).

Sommers v. De Ran, 53 Ohio App. 87, 4 N.E.2d 267 (statute called for a *bond* *on appeal* from money judgments based on questions of law and fact).

Naum v. Naum, 101 N.H. 367, 143 A.2d 424 ("bond with sufficient sureties").

Commonwealth ex rel. Schuylkill County v. Sitler, 261 Pa. 261, 104 A. 604 (bail bond case).

Smith v. Coffin, 9 S.D. 502, 70 N.W. 636 (statutes said, "an undertaking in sum of $100 for the payment of the costs of appeal." Court said, a deposit of at least $100 would have been acceptable, but in this case, no undertaking was given, nor was sufficient cash deposited to comply with statute).

Brooks v. Epperson, 164 Va. 37, 178 S.E. 787, (statute said, "bond with sufficient surety").

United States v. Faw, Fed.Cas.No. 15,078, 1 Cranch C.C. 486 (1808), (case dealt with cash in lieu of bail in an indictment for theft).

Ringgold v. Graham (Tex.Com.App.), 13 S.W.2d 355, (statute said, "bond with sureties").

Hervey v. Forse (Tex.Civ.App.), 253 S.W.2d 701 ("bond with sureties").

**600**

property of the state or the county. I feel, however, the Butler v. Foster case supports my position. In Butler v. Foster, the statute only authorized the official to accept a *bond* or *recognizance* and as pointed out in that case, "the nature of bail, is, that the accused is delivered from the custody of law, into the custody of his bail, who become *sponsors for his appearance*, to answer the charge for which he was arrested." (Emphasis added.) It seems obvious to me that one of the objects of the statutes requiring a bond or recognizance in a criminal case is that the prisoner is released to his bail who then become sponsors for his appearance. The main consideration is that the prisoner will appear. The object of requiring "security for costs" on appeal, as I have already pointed out, is to make certain the costs are paid. *Money* will fulfill the object in the latter case; it will not fulfill the object and purpose of the situation involving *bail*. Therefore, I believe that a cash bond is authorized by Title 7, §§ 766 and 792. But even if the Court should not feel constrained to hold that a cash deposit is sufficient, I think we should allow the appellant to file what the court would consider to be sufficient "security for costs." If we continue to follow *Gray* and American Federation of Musicians v. Moss, and dismiss appeals ex mero motu, we create a paradoxical situation. If the "security for costs" is insufficient and the appellee files a motion to dismiss the appeal, we will grant the motion conditionally and give the appellant sixty days to give a proper security for costs, (Harris v. Barber, supra; Williams v. Home Owners' Loan Corp., supra), or if the appellee files a motion to dismiss the appeal, and thereby warns the appellant, and the appellant gives a sufficient "bond" prior to submission, (Schoonmaker v. Schoonmaker, supra), we will not dismiss the appeal. But, if the appellee does not file a motion to dismiss the appeal and thereby raise the point, and the time within which to appeal has expired, he can count on this Court to dismiss the appeal ex mero motu, (Gray v. State, supra;

American Federation of Musicians v. Moss, supra). I cannot believe we wish to continue to perpetuate this incongruous rule, especially in view of our statute which states that no appeal should be dismissed for want of a sufficient appeal bond or bond for the costs of the appeal, if the appellant will give a sufficient bond. Title 7, § 806, Code, 1940 (Recomp.1958). Therefore, I think the construction placed on our appeal statutes by the majority is incorrect and must respectfully dissent.