JONES, Justice
(dissenting).
We issued the writ of certiorari to the Court of Civil Appeals to review the question whether a cash payment of court costs is a sufficient substitute for the giving of a “bond conditioned to pay all costs” in connection with the filing of an appeal to the circuit court from an adverse decision of a taxing authority. The requirements for filing such an appeal are statutorily mandated and are codified in Code 1975, § 40-2-22, and at section 10 of the Tuscaloosa County Sales and Use Tax Laws.
Section 40-2-22 concerns appeals of decisions by the State Department of Revenue, and requires payment of assessments when appealing such decisions. Because the original appeal to the circuit court was for a tax refund, this requirement, definitionally, has been met. Section 10 of the Tuscaloosa County Tax Laws incorporates this requirement as one for appealing decisions of the county taxing authority. The only mention of requiring some security for costs in § 40-2-22 is in connection with appeals from the circuit court to the Supreme Court.
Section 10 of the Tuscaloosa County Sales and Use Tax Laws deals more specifically with the type of appeal which was involved in this case. That section does require the giving of a bond conditioned to pay all costs.
The only cost associated with the trial in the circuit court, however, was the docketing fee of $65. While no bond was filed with the court, this amount was paid in cash at the time of filing the appeal from the taxing authority.
The purpose of requiring the bond, it seems evident, is to insure that all costs connected with the trial will be paid, despite the outcome of the trial. As incongruous as it may seem, Alabama case law held at one time that cash was not an adequate substitute for a bond (Finley v. Pless, 287 Ala. 596, 253 So.2d 521 (1971)). See, however, committee comments to Rule 7 of the Alabama Rules of Appellate Procedure. See, also, Justice Maddox’s dissent in Finley. Historically, there was no fee associated with the filing of a suit. All costs were taxed at the conclusion of the case. To insure the payment of costs, the State legislature enacted the subject statute requiring a bond for costs in appeals of this nature. The filing fee was a later development which occurred at the time the courts of this State were restructured in 1975. The filing fee served essentially the same purpose as the bond — to assure the payment of court costs.
The docket or filing fee, including the amount of such fees, is also a statutory device. Code 1975, §§ 12-19-70, -71. Because of their historical development, these two devices overlap in their purposes, and the satisfaction of a requirement for one may satisfy a requirement for the other, though the two are not strictly synonymous.
The taxing authority contends that this Court should give to the subject statute a strict construction, which would require the filing of a bond for costs as a requisite of a perfected appeal. Because the Petitioner did not file a bond for costs within the time for the taking of an appeal, and thus technically did not comply with the statute, the Court of Civil Appeals, according to the taxing authority, was correct in dismissing the appeal and in not addressing the merits of this case.
*1226 Petitioner, on the other hand, contends that the payment in cash of the filing fee amounted to substantial compliance with the statute in that it fulfilled the purpose for which the statute was enacted. Because the purpose for the bond is to insure the payment of the costs connected with the case, and because the filing fee covered all the costs that would normally be associated with this type of case, in my opinion the payment of the filing fee alone fulfilled that purpose.
While our courts have given a literal interpretation to this kind of statute in the past, as evidenced by Finley, supra, they have more recently taken a more liberal view. In keeping with this more liberal interpretation, I would hold that the payment of the filing fee in cash is a sufficient substitute for the filing of a bond for costs in this case.
The strict construction by our courts of statutes which govern appeals of this nature is both noble and laudable, but it should not be carried to the extreme of requiring a useless thing — the adherence to form over substance. Instead of holding a piece of paper insuring the payment of costs, the clerk in this instance actually held the payment itself. Because the only cost associated with this trial was the $65 docketing fee, the payment of this fee in cash was clearly sufficient to satisfy the statutory requisite of a “bond conditioned to pay all costs.”
Consequently, I would reverse the judgment of the Court of Civil Appeals, 480 So.2d 1223, and remand this cause for that Court’s consideration on the merits.