181 So.2d 504

**Joyce McCroan EVERITT (Traynom)**

v.

**Richard Wynne EVERITT.**

1 Div. 304.

Supreme Court of Alabama.

Dec. 9, 1965.

Rehearing Denied Jan. 20, 1966.

Wilters & Brantley, Bay Minette, for appellant.

John A. Courtney, Mobile, for appellee.

GOODWYN, Justice.

Appellant (wife) was divorced from appellee (husband) on January 5, 1962. The decree awarded to appellant the custody of the parties' minor son, then two years old, with rights of visitation in appellee, and provided for payment by appellee to appellant of "$75.00 per month as support of the minor child." Appellee, in his answer to the bill, agreed to these provisions.

On September 18, 1964, appellant filed a petition praying "that a rule be issued to [appellee] requiring him * * * to show cause * * * why he should not be punished for contempt" because of his failure to make the support payments. The requested rule to show cause was issued. On the day of the hearing, February 23, 1965, appellee filed the following motion to modify the decree of January 5, 1962:

"MOTION TO MODIFY DECREE

"Comes now the Respondent in the above styled cause and respectfully moves this Court to modify the decree heretofore rendered in this cause to more correctly comply with the original agreement understood by and between the parties hereto and as grounds for said motion assigns the following separately and severally, to-wit:

"ONE

"Subsequent to the execution by the parties hereto of the Answer and Waiver and incorporated agreement the parties agreed between themselves that the stipulated sum to be paid by the Respondent to the Complainant as support & maintenance was not to be binding upon the Respondent as the Respondent was to assume and pay the outstanding obligations contracted by the Complainant during their marriage and in fact the aforesaid agreed sum was mentioned in the Answer and Waiver solely for the purpose of placating the parents of the parties thereto and in an attempt to convince them that the Complainant was completely without fault in the happening of the divorce proceeding.

"TWO

"For that the parties hereto even before they executed the Answer and Waiver and incorporated agreement had agreed between themselves that the Respondent was not to be bound to pay

the Complainant any sum certain as support, maintenance or alimony as he was assuming complete liability for all indebtedness incurred by the parties hereto during their marriage.

"THREE

For that prior to the bringing of the Motion presently before This Honorable Court the Complainant had heretofore done nothing since the rendition of the Decree in this Cause to compel the payment of any sums to her by the Respondent thus impliedly, by her actions, ratifying the unwritten agreement which had existed between them since prior to the issuance of any Decree by this Court.

"FOUR

"For that the Complainant herein is being persuaded by third party sources to attempt to force payments from the Respondent (Movant herein) contrary to her wishes and in violation of her agreement heretofore made with the Respondent.

"WHEREFORE, the Respondent moves this Court to modify the Decree of this Court and exonerate him from any liability for payment of support to the Complainant herein."

At the conclusion of the hearing, the court made the following statement:

"THE COURT: I am going to find that he pay her $300.00, and I will give him 60 days to pay that, and I am reducing the payments to $65.00 a month, beginning March 1st, and I am going to order him to pay that each month."

On April 28, 1965, a decree was rendered providing that appellee pay to appellant "the sum of THREE HUNDRED ($300.-00) DOLLARS, as payments on back support for said minor child"; that appellee "be given sixty (60) days from February 23rd, 1965, to make such back payments"; and that appellee pay to appellant "in the future, beginning March 1, 1965, the sum of SIXTY-FIVE ($65.00) DOLLARS per month as support for said minor child." As a prelude to the decree, the court made the following findings:

"1. That the parties were heretofore divorced in this Court by decree dated January 5, 1962; that the Complainant, Joyce McCroan Everitt was given the custody of the minor child born of their marriage; that the Respondent, Richard Wynne Everitt was ordered to pay to the Complainant the sum of SEVENTY-FIVE ($75.00) DOLLARS per month as support for the minor child of said marriage;

2. That the parties agreed between themselves that because of debts that the Respondent assumed and agreed to pay, the Complainant would waive the payment of SEVENTY-FIVE ($75.00) DOLLARS per month for the minor child; that both the maternal and paternal grand parents were financially capable of assisting in supporting said minor child; that the minor child has been amply provided for; that the Complainant made no serious effort to collect this support money from the Respondent until October of 1964;

"3. That it would not be in the interest of Justice to require the Respondent at this late date to pay support back to the date of the decree in this cause; that is January of 1962, and that this Court will require that he pay support only back until October, 1964, when this action was commenced in this Court."

This appeal is from the April 28th decree.

■ The question presented on this appeal is whether it was error to reduce the amount of the past due support payments. Although there is an assignment of error going to the part of the decree reducing future support payments, that assignment is not argued and, therefore, must be considered as waived. Our conclusion is that

it was error to reduce the amount of the past due support payments, thereby necessitating a reversal of the decree in that respect.

### Motion to Dismiss.

Before discussing the merits, we will consider appellee's motion to dismiss the appeal. The grounds relied on for dismissal are (1) the failure of appellant to sign the security for costs and (2) because appellant "has not filed a brief * * * relating to any assignment of error." Our conclusion is that the motion is due to be denied; and it is so ordered.

(1) The security for costs need not be signed by the appellant. All that is necessary is the giving of security for the costs which is satisfactory to the clerk or register. That requirement was met here. See: Code 1940, Tit. 7, §§ 766, 792; Dollar v. McKinney, 267 Ala. 627, 630, 103 So.2d 785; Rush v. Newsom Exterminators, 261 Ala. 610, 613, 75 So.2d 112; McKinstry v. Thomas, 258 Ala. 690, 697, 64 So.2d 808; Clary v. Cassels, 258 Ala. 183, 188, 61 So.2d 692; Mayfield v. Court of County Com'rs of Tuscaloosa County, 148 Ala. 548, 551, 41 So. 932.

(2) One of the assignments of error is as follows:

"7. The Court erred in reducing the amount the Respondent owed the Complainant for child support which had matured before this Decree was rendered because these installments became a final judgment on the dates they were due."

Appellant's brief consists of eleven pages. Both the propositions of law and the argument clearly and obviously are directed to this assignment. We cannot agree that the appeal should be dismissed because of inadequacy of the brief in not "relating to any assignment of error."

### Merits.

As already noted, the decree providing for monthly support payments of $75 was rendered on January 5, 1962. More than three years later, by decree rendered on April 28, 1965, the total of these payments was substantially reduced to the sum of $300. The error of that action is pointed up by the holding in the recent case of Morgan v. Morgan, 275 Ala. 461, 464, 156 So.2d 147, 150, where it was said:

"* * * [A]ppellant's duty to support his minor children, and the amounts of such support, were imposed by a final decree of a court having full jurisdiction in the premises. The parents are without any warrant in law to later nullify such decree by mutual agreement between themselves so as to deprive the minor children of the support to which they are entitled under the decree of a court of competent jurisdiction. Such agreements are without consideration, and void as a matter of public policy. Pilson v. Salvoni, 65 App.D.C. 55, 79 F.2d 411; Mosher v. Mosher, 25 Wash.2d 778, 172 P.2d 259; Herzog v. Herzog, 23 Wash. 2d 382, 161 P.2d 142; Cervantes v. Cervantes, 239 Mo.App. 932, 203 S.W. 2d 143; Glaze v. Strength, 186 Ga. 613, 198 S.E. 721; Walter v. Walter, 189 Ill.App. 345.

\* \* \* \* \* \*

"The support installments decreed at that time [by the original divorce decree] for the minor children became final judgments on the dates they became due and may be collected as other judgments. Armstrong v. Green, 260 Ala. 39, 68 So.2d 834, (on rehearing). Installments which mature before a petition to modify is filed are immune from change. Wood v. Wood, [275 Ala. p. 305], 154 So.2d 661.

"The statute of limitations in Alabama for bringing an action on a judg-

ment rendered by a court of this State is twenty years. Section 19, Title 7, Code of Alabama 1940."

The motion to dismiss the appeal is denied.

Affirmed in part, reversed in part and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.