279 So.2d 526

**Evelyn Marie COX, Appellant,**

v.

**Edward E. COX, Appellee.**

**Ex parte Evelyn Marie Cox.**

**Civ. 142.**

Court of Civil Appeals of Alabama.

June 20, 1973.

356

Reynolds & Lauten, Mobile, for petitioner.

Kenneth Cooper, Bay Minette, for respondent.

WRIGHT, Presiding Judge.

The parties hereto were divorced by decree of the Circuit Court of Baldwin County, Alabama, on February 15, 1971. The decree was rendered in favor of appellant granting to her a divorce, custody of four minor children, support for appellant and the children in the amount of $60.00 per week, and providing that appellee was to maintain mortgage payments on the family home where appellant and the children were to live until the youngest child became of age at which time it was to be sold and the proceeds divided equally between the parties.

In March of 1971 appellee filed a petition to modify the decree of February 15. After oral hearing an *interlocutory decree* was entered on April 19, 1971 modifying the February decree by granting temporary custody of the children to appellee with visiting arrangements for appellant for a period of ninety days. Support was reduced from $60.00 to $30.00 per week effective April 9.

It appears that this so-called interlocutory decree was continued in force by oral decree after expiration of the ninety days provided therein and the children remained in custody of appellee. On October 13, 1971 petition by appellee was filed requesting further modification of the February and April decrees averring that appellant had done various things since the February and April decrees which amounted to change in circumstances. The petition sought as relief the permanent custody of the children, the removal of appellant from the home and that appellee be permitted to pay appellant for her equity in the home and to live therein with the children, together with the cessation of support.

To the petition to modify, appellant filed full and lengthy answer. After oral hearing the court entered a decree of modification on December 16, 1971. Said decree modified the February decree in all respects. It granted permanent custody of the children to appellee with specific visitation rights to appellant. It directed the determination of the value of the equity of appellant in the home to be made by counsel of the parties, said sum determined to be paid to appellant with all support arrears. Upon such payment, appellant was directed to execute to appellee a quit claim deed. *Alimony* payments were reduced to $25.00 per month. All personal property was to be equitably divided and all harassing phone calls were ordered to be ceased.

From this decree, appellant appealed to this Court. Our decision was entered on August 9, 1972. Cox v. Cox, 48 Ala.App. 574, 266 So.2d 784. By decree of this Court the decree of the trial court of December 16, 1971 was reversed and the decree of February 15, 1971 was reinstated. Rehearing was subsequently denied and certiorari to the Supreme Court was not requested.

On October 27, 1972, appellee filed a petition in the court below to amend the decree of February 15, 1971, and the decree of this Court of August 9, 1972, alleging a change of circumstances since the decree of December 16, 1971, which warranted modification. It alleged various offenses committed by appellant indicating a deterioration of her mental condition. All of such alleged offenses occurred prior to the decree of this Court of August 9, 1972.

On November 9, 1972, appellant filed in the court below a motion for execution on the decree of this Court of August 9, 1972, together with a petition for rule nisi directed to appellee to show cause why he should not be held in contempt for failing to comply with the decree of this Court.

This petition averred to the court that appellee had failed and refused to return custody of the children to appellant and had further refused to allow her even visitation rights. That appellee had possession of the home because after the decree of December 16, 1971, appellant complied with the provisions thereof by vacating the home and accepting $1000.00 from appellee as her equity therein and had executed a

quit claim deed to appellee. This was averred to have been done by appellee so that she could have funds for paying her solicitors for the appeal. It was further averred that it was stipulated in writing by appellee and his attorney that such acts would not prejudice appellant's rights or equities resulting from the appeal. It further averred that appellee was some $3,260.00 in arrears in payments of support from February 15, 1971.

Appellant also, on November 9, 1972, moved to strike appellee's petition for modification charging that the court was without jurisdiction to consider such petition.

On the 22nd of November 1972, the court, upon motion of appellee, dismissed appellee's petition to modify the decree of February 15, 1971 and the decree of this Court of August 9, 1972. On the same date, November 22, 1972, the petition of appellant for a rule nisi and enforcement of the decree of February 15, 1971 and the decree of this Court was considered by the trial court without the parties presence, without testimony and without responsive pleading by appellee. On December 5, 1972 the following decree was entered:

### "DECREE

"This cause coming on to be heard on November 22, 1972, was submitted to the Court upon the verified petition by Honorable William R. Lauten, of Reynolds and Lauten, solicitors for the complainant. Neither the Complainant nor the respondent appeared in person, both being represented by their respective solicitor of record, to-wit: Honorable William R. Lauten for the complainant and Honorable Kenneth Cooper for the respondent. The Court proceeded to consider the Motion for Execution on Judgment and for Order of Contempt of Court filed by complainant. The Court has had this cause before it since July, 1970. On numerous occasions the complainant has appeared in person before this Court, giving this Court ample opportunity to observe her. At all times the Court's primary concern has been to do what is for the best interest and welfare of the four minor children born to the parties hereto. It is to be pointed out that, by the rendition of this decree, the Court is not deliberately ignoring the decision of the Court of Civil Appeals in this cause; but it is the opinion of this Court that the best interests and welfare of the four minor children will require that they remain in the custody of their father and grandparents rather than with their mother. After consideration of the petition and the foregoing premises, the Court is of the opinion that the complainant is not entitled to the relief prayed for. It is, therefore,

"ORDERED, ADJUDGED and DECREED by the Court that:

"A. Complainant's request for return of the minor children be denied.

"B. Complainant's request for alleged arrears in support payments prayed for be denied because equity does not entitle complainant to the child support payments while all the minor children have been in the custody of the respondent.

"C. Complainant's request for immediate possession of the former home place of the parties hereto be denied because:

"1. The respondent previously paid the complainant for her equity in the said home place and the latter conveyed all her rights, title and interest therein to the respondent;

"2. The complainant has failed to reimburse the respondent for the consideration he previously advanced complainant for her interest therein.

"D. Complainant's request to cite the respondent for contempt or rule nisi be denied because the respondent has not failed to abide by the Order of any court which has been involved in this cause.

"DONE on this the 5th day of December, 1972.

"/s/ Telfair J. Mashburn
CIRCUIT JUDGE"

On December 11, 1972, another petition to modify the decree of this Court was filed by appellee in the court below. Pleas in abatement thereto were filed by appellant again charging want of jurisdiction.

On December 13, 1972, appellant filed notice of appeal and security for costs from the decree of December 5, 1972.

On December 18, 1972, appellant filed in this Court a petition for Writ of Mandamus requesting a rule nisi or alternative writ of mandamus to be directed to Honorable Telfair J. Mashburn, Judge of the Circuit Court of Baldwin County, Alabama, requiring him to show cause why the decree of December 5, 1972 should not be set aside and the petition for execution and rule nisi to appellant be granted. A rule nisi directed to Judge Mashburn was issued from this Court on December 20, 1972. Answer was filed January 19, 1973. Replication and amended replication was filed by appellant, together with motion to strike the answer and motion for attorney fees. Appellee filed motion to strike the replication as amended and motion for attorney fees and to remand the cause for hearing below on appellee's petition to modify this Court's decree of August 9, 1972. Appellant has filed motion to strike appellee's brief as a whole and in parts, and has amended her motion for attorney fees. By agreement of counsel and permission of this Court, the appeal and petition for mandamus or certiorari were consolidated for argument in brief.

Judge Mashburn's answer to the rule nisi is lengthy, but in effect states that in spite of this Court's decree of August 9, 1972, reversing the decree of December 16, 1971, and reinstating the decree of February 15, 1971, Judge Mashburn does not consider that our decree is for the best interest of the children and is inequitable to the appellee because the effect of that decree would require appellee to pay support to appellant while he had custody of the children, and that the court judicially knows that appellee is financially unable to pay such amount. In addition, the appellant has by her conduct been contemptuous of the court and its orders. It is further related that from its hearings on various petitions filed and heard by the court during the pendency of the prior appeal to this Court, and from the hearing resulting in the decree of December 16, 1971, which this Court reversed, and from information made known to the court in various ways, the appellant is incompetent and not a fit custodian of the children. In other words, the decree rendered by the judge on December 16, 1971, was correct and should not have been reversed by this Court, and this Court's decree reversing that decree and reinstating the trial court's original decree of February 15, 1971, should not be enforced by the court below.

We have set out all of the proceedings below and in this Court in an effort to make them understandable to the reader, to the author of this opinion, and the other members of this Court. Their relation makes clear the complexity of the evolvement of the case. We will now attempt to bring some order from the chaos.

■ First, the decree of this Court of August 9, 1972, reversing the decree of modification of the trial court of December 16, 1971, and rendering the matter by reinstating the terms of the original decree of the trial court of February 15, 1971, made the decree of February 15, 1971 our decree. Thereafter existed in the trial court no power to entertain a petition to modify that decree. Only after permission granted upon petition to this Court could either party seek modification of our decree in the court below. Ryan v. Ryan, 268 Ala. 490, 108 So.2d 340, and cases cited therein. There is some question in our mind whether such procedure properly serves where there is basis for emergency and immediate need for modification of custody of children because of their welfare. However, such procedure has been required by a long line of decisions of the Supreme Court of this state and we are bound thereby, as is the court below.

■ Secondly, the court below was bound to enforce upon proper motion the decree of this Court, whether it agreed with it or not for it had become final when rehearing was denied and certiorari was not applied for by appellee.

■ The refusal of the trial court to commit appellee for contempt upon petition of appellant is properly reviewed by this Court upon certiorari. Armstrong v. Green, 260 Ala. 39, 68 So.2d 834. The petition of appellant here was for mandamus or certiorari in the alternative. Petitioner's motion was also for enforcement by execution of the decree. Mandamus is the proper procedure to compel enforcement of a decree. Ex parte Moore, 231 Ala. 209, 164 So. 210.

■ Thirdly, the purport of the trial court's decree of December 5, 1972, was not only to deny the petition of appellant for contempt, it was further to effect the same modification as that directed by the decree of December 16, 1971, which this Court reversed and set aside. Therefore, as to that aspect of the decree of December 5, 1972, the trial court was without jurisdiction and authority because this Court had not granted permission to modify. Thus, as to that aspect mandamus would lie as a means of review. State ex rel. Russell v. Jones, 31 Ala.App. 208, 14 So. 2d 590, cert. denied, 244 Ala. 608, 14 So.2d 592.

As the trial court was without jurisdiction to render the decree of modification of December 5, 1972, such decree is coram non judice and will not support an appeal. L & N R. Co. v. Tally, 203 Ala. 370, 83 So. 114; Rogers v. Smith, 287 Ala. 118, 248 So.2d 713. The appeal therefrom is therefore dismissed ex mero motu.

■ We will consider the decree of December 5, 1972 insofar as it relates to the refusal to issue a rule nisi to appellee. Appellant averred in her petition for rule nisi that appellee as of November 7, 1972 was in arrears in support payments in the amount of $3,260.00. The court in its decree refused to require payment because "equity does not entitle complainant to child support payments while all the children have been in the custody of respondent."

There was no finding as to whether the amount averred as due was incorrect, or if it was what was the correct amount. The decree was that it would be inequitable to require appellee to pay any arrears. This determination was made without issuing a rule nisi, answer thereto, or taking of testimony thereon. We find the allegations of the petition requesting a rule nisi to be prima facie sufficient to support the issuance of a rule nisi. The court's denial of such rule, and the finding in its decree without hearing thereon, was arbitrary and unjust and such portion of the decree is reversed and set aside.

■ We now consider the portion of the decree of December 5, 1972, wherein the trial court refused to recognize and enforce the decree of this Court of August 9, 1972, insofar as it reinstated the decree of February 15, 1971. In response to the rule nisi issued by this Court, Judge Mashburn has answered that because of what he knows of the case and of the appellant, he is convinced that it is not to the best interest of the children that the decree of this Court be enforced and that the provisions of his decree of December 5, 1972, remain in effect. His answer contains reference to matters coming to his knowledge and attention which are not a part of the record. He includes reference to exhibits attached which did not come to him at any hearing and came to his knowledge after his decree of December 5, 1972. He refers to letters written by appellant which are dehors any record. He refers to other information "made known" to him. All of this information and personal knowledge is the cause for his refusal to enforce the decree of this Court.

Such answer is legally insufficient and presents no defense to his refusal to en-

force the decree of this Court. Therefore, the decree of the court of December 5, 1972, denying enforcement of this Court's decree is vacated and set aside.

As this matter has become so confused and a final disposition so delayed, this Court now undertakes to outline the aspects of the case as it now exists.

The decree of February 5, 1971 as reinstated by this Court by its order of August 9, 1972, is in effect, and has been so since said August 9, 1972. The decree of April 19, 1971, by which appellee was given temporary custody of the children for ninety days and support reduced to $30.00 per week effective April 9, 1971, was a valid decree. Its continuance by oral order after expiration of ninety days was without validity. However, no relief was sought therefrom by appellant. Custody of the children continued in appellee. Appellant avers that she complied with visitation privileges extended her under the April 19 decree, and continued to occupy the home under the right granted her by the February 15, 1971 decree. Appellee made support payments to her in the amount of $30.00 per week as directed.

After petition for permanent modification and hearing thereon, the decree of December 16, 1971, resulted. By that decree custody was given to appellee, support to appellant was reduced to $25.00 per month. Directions for division of personal and real property were entered. Appeal by appellant was taken therefrom. No supersedeas was requested. That decree was reversed by this Court on August 9, 1972. By our decree, the decree of February 15, 1971 was reinstated, effective August 9, 1972. Pending the appeal, by agreement of parties and counsel, and unknown to this Court, the division of the personal and real property was made; appellant moved from the home, and in exchange for payment of support then determined to be due, and the sum of $1,000.00 for her equity in the home, appellant executed a quit claim deed to the home to appellee. Thus, though appealing therefrom she complied, in part with the decree appealed.

Appellant now contends that our decree reinstating the original decree nullifies her voluntary actions in dividing and disposing of her interest in the real property and requires appellee to pay her $60.00 per week for the period between the decree of February 15, 1971 and our decree of August 9, 1972. We do not so interpret our decree.

■ Appellant accepted the decree of April 19, 1971 and events following, up until she appealed from the decree of December 16, 1971, without taking any recourse therefrom. We were not authorized to review these matters by her appeal from the decree of December 16, 1971. The terms of that decree were superseded only by our decree of reversal. Our decree did not contain any retroactive direction for support. It became effective the date rendered. Appellee could only comply with its terms after it was delivered. Appellant was free to give up any rights she had in the personal and real property of the parties.

■ We consider she relinquished voluntarily, for whatever reason, her rights in the real and personal property. Our decree, without knowledge of such transfer, could not reinstate or retransfer such interest.

■ Appellant is entitled to payments of $60.00 per week from appellee as support since August 9, 1972. Such support was decreed by this Court for her and the children. Such payments became final judgment as they accrued and have continued to accrue and will continue to accrue until a petition to modify, based upon change of circumstances, is presented to this Court and permission given to pursue such petition in the trial court. The fact that appellee has failed to comply with the decree of this Court and retained custody of the children does not affect such payments being due and payable. Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147;

Wood v. Wood, 275 Ala. 305, 154 So.2d 661; Everitt v. Everitt, 279 Ala. 64, 181 So.2d 504.

The amount which has accrued after credits for payments are allowed is a matter to be determined upon petition for rule nisi by the court below.

The right to custody of the children is presently in the appellant under our decree of August 9, 1972, and she is entitled to have such right enforced by the court below upon proper petition. She is entitled to retain such custody until such decree is modified by hearing in the court below after permission is granted for such hearing by this Court upon proper petition.

It is very clear that Judge Mashburn is convinced that the custody of the children by appellant is not to their best interest and welfare. He may be right. However, custody of the children can be changed only upon a showing of change of circumstances materially affecting their welfare occurring since our decree of August 9, 1972, according to the authority of Wheeler v. Kelley, 255 Ala. 614, 52 So.2d 700. We do not agree with this authority for it is clear that many circumstances affecting the welfare of children could have occurred without our knowledge while the matter was on appeal. Nevertheless, we are bound by decisions of the Supreme Court of this state. Coalite, Inc. v. Aldridge, 285 Ala. 137, 229 So.2d 539 [1969].

█ We are constrained to observe that it appears that Judge Mashburn has a closed mind on the matter of the proper custody of these children. To prevent the occurrence of possible detriment to the children by their immediate return to appellant after an absence of two years, we consider it within our equitable power to hereby grant permission for appellee to file a petition to modify our decree as to custody and support of the children in the court below should he desire to do so. However, in consideration of the views of Judge

Mashburn as stated in his answer to the rule nisi of this Court, we think it proper that his Honor recuse himself and arrange for the appointment of another chancellor to hear such petition, together with the petitions and motions presented by appellant to enforce the decree of this Court.

We therefore remand to the court below for the filing of such petitions and hearing thereon as that court considers appropriate. The decrees rendered to be subject to appeal to this Court as provided by law.

█ Though our decree of August 9, 1972, is in effect, and sums for support of appellant and the children are accruing as they come due, the enforcement of the decree as to custody may be held in abeyance until further hearing as directed herein. If the proper petition by appellee for modification is unreasonably delayed in filing and hearing, our decree is due to be enforced without delay. We consider the question of property rights of appellant and her right to live in the home to now be moot. However, the trial court on hearing below pertaining to custody has the power to again place appellant and her children in the home should it find it proper to do so.

Should the court below modify our decree of August 9, 1972, said decree will be superseded and no longer require our supervision.

The various motions of the parties before the Court are hereby denied except that for a reasonable attorney fee by appellant. In response to said motion, we hereby grant to appellant the sum of $500.00 for use of her attorney in representing her before this Court. All costs in this Court are taxed against appellee.

Appeal dismissed, certiorari and mandamus granted. · Reversed and remanded with directions.

BRADLEY and HOLMES, JJ., concur.