ALMON, Justice.
This is a contract case. The trial judge, sitting without a jury, resolved all issues in favor of the appellant but failed to award any damages on its counterclaims.
The plaintiff-appellee, Aluminum International Corporation (hereafter AIC), was the prime contractor with the United States Navy, which in turn had a contract with the country of Iran and its Imperial Iranian Navy. The purpose of this contract arrangement was to supply prefabricated aluminum buildings for missile stations for the prerevolutionary government of Iran.
The defendant-appellant and counter-claimant, Utility Service Corporation of Huntsville, Inc., d/b/a Peterson Electric Company (hereafter Peterson), contracted with AIC as an electrical subcontractor. None of the contracts were completed because the prime contract has been the subject of a United States government imposed “Termination for Convenience” resulting from the fall of the Imperial Iranian Government and the consequent deterioration in relations between the United States and the new revolutionary government of Iran.
AIC brought an action against Peterson for breach of contract; an accounting; misrepresentation; and injunctive relief. Peterson answered and asserted counterclaims for breach of contract; work and labor done; and fraud and misrepresentation.
The trial court rendered the following judgment:
“This cause was submitted upon the pleadings and the evidence; and upon consideration of same, the Court finds the issues in favor of defendants.
“Judgment in favor of the defendants Peterson and Utility Supply Co. Costs taxed to plaintiff.”
The judgment was later amended to correctly name the appellant Utility Service Corporation, but no other findings of fact or conclusions of law were made. The court also denied a motion to alter or amend the judgment to include damages.
Peterson’s sole contention is that the court erred in failing to award damages. We have reviewed the record and conclude there is evidence which entitles Peterson to damages. The state of the record and briefs leave us somewhat in doubt as to why the trial court failed to award damages. We note that the briefs make no argument with reference to federal law or *871 government procurement regulations and there is no suggestion that this case was decided on any basis other than general contract law. We have reviewed the pretrial order and the judgment of the court, which had the effect of ruling against AIC on its claim and for Peterson on its counterclaims. With the record in this posture we have no alternative but to reverse the judgment and remand the cause for the trial court to award an appropriate sum in damages to Peterson.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.