FAULKNER, Justice.
This is a petition for writ of mandamus to issue to Circuit Judge John D. Snodgrass. We grant the writ.
On August 27, 1982, this court rendered its decision in Utility Service Corporation of Huntsville, d/b/a Peterson Electric Co. v. Aluminum International Corp., 418 So.2d 870, (Ala.1982), reversing and remanding the cause to the trial judge to award an appropriate sum of damages to Peterson. We stated in an opinion authored by Justice Almon:
“Peterson’s sole contention is that the court erred in failing to award damages. We have reviewed the record and conclude there is evidence which entitles Peterson to damages. The state of the record and briefs leave us somewhat in doubt as to why the trial court failed to award damages. We note that the briefs make no argument with reference to federal law or government procurement regulations and there is no suggestion that this case was decided on any basis other than general contract law. We have reviewed the pretrial order and the judgment of the court, which had the effect of ruling against AIC on its claim and for Peterson on its counterclaims. With the record in this posture we have no alternative but to reverse the judgment and remand the cause for the trial court to award an appropriate sum in damages to Peterson.”
On remand, the judge entered an order that “neither party is to receive damages for any claim from any other party.” In his answer to the petition for writ of mandamus, he states, “It is fundamental to understanding the trial judgment that there was never any intent to find in favor of the defendant on the counterclaim.”
We cannot look into the judge’s mind at this late date and determine what his intent was when he entered his judgment. We interpreted the judgment as having the effect of a ruling in favor of Peterson on its counterclaim. The case was briefed and argued to that effect.
When this court has been presented with a petition for writ of mandamus when the trial court has refused to enter an order consistent with a prior order of this court, this court has granted the writ. Ex parte: Jim Walter Corporation, 283 Ala. 295, 216 So.2d 183 (1968).
We opine that mandamus is the appropriate remedy here. See Cox v. Cox, 50 Ala. App. 354, 279 So.2d 526 (1973).
The writ is due to be granted and the trial judge is directed to enter an order consistent with our decision rendered in the case on August 27, 1982.
WRIT GRANTED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.