The wife, Mrs. Erbe, via motion for summary judgment, sought to compel the husband, Mr. Eady, to pay certain funds due under a California divorce decree. The trial court denied the motion and Mrs. Erbe appeals. We reverse and remand with directions.
We note two items at the outset. We make no comment, since it has not been *Page 779 
presented as an issue, on the propriety of the means by which Mrs. Erbe sought to compel Mr. Eady to make the payments due under the divorce decree. Secondly, this is, in effect, the second time this same matter has been before this court.
The earlier opinion in this case fully described the history of the proceeding up until the time the first appeal was filed; we need only set out the events which have taken place since the first appeal was decided. See Erbe v. Eady, 406 So.2d 936
(Ala.Civ.App.), cert. denied, 406 So.2d 939 (Ala. 1981), cert.denied, 456 U.S. 990, 102 S.Ct. 2270, 73 L.Ed.2d 1285 (1982). We suggest, for a better understanding of what follows, interested parties should refer to Erbe v. Eady.
After this court ruled that Mrs. Erbe was entitled to 41.5 percent of her husband's gross monthly military retirement pay as community property, and that the decision in McCarty v.McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), would not be applied retrospectively, Mrs. Erbe filed a motion in the trial court for summary judgment to compel payment. The trial court denied Mrs. Erbe's motion and entered a judgment in favor of the defendant, briefly stating that "notwithstanding the opinion of the Court of Civil Appeals of Alabama, the plaintiff's petition for relief must be denied in all respects on the ground that she has no legal claim to the relief sought in the petition made the basis of this cause of action."
When a case is remanded to a trial court after a decision on appeal, "issues decided by the appellate court become law of the case and the trial court's duty is to comply with the appellate mandate. . . ." Walker v. Carolina Mills Lumber Co.,441 So.2d 980, 982 (Ala.Civ.App. 1983). The trial court is not free to reconsider issues finally decided in the mandate. Instead,
 "[i]f circumstances arise that cast doubt on the correctness of the law of the case as established on appeal, arguments in support of departure from the mandate must be addressed to the appellate court, . . . ."
1B Moore's Federal Practice ¶ 0.404[10] (2d ed. 1983) (citations omitted).
After examining the record on appeal, it appears to this court that the judgment in favor of the defendant resulted from the trial court's considering the issue of retroactive application of McCarty. However, this issue had been already settled by the appellate opinion, see 406 So.2d at 938-39, and was no longer within the province of the trial court. In any event, in view of our prior opinion and the facts as presented, the judgment below must be reversed and remanded, and the trial court is directed to enter a judgment in favor of the wife, awarding her 41.5 percent of the husband's gross military retirement pay for the period in question.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.