INGRAM, Judge.
This case involves a custody dispute over two minor children. The trial court awarded permanent custody of Dana Marie and Palmer Clint Lewis, ages nine and eleven respectively, to their paternal grandmother. The mother appeals.
The mother and father were divorced in 1980. Pursuant to an agreement between *437 the parties, legal custody of the children was awarded to the father. Subsequent to the divorce, the children lived with the mother approximately nine months. Thereafter, they resided with their paternal grandmother. In 1987, the mother filed a motion to modify the custody decree, after discovering that the father had given his written consent for the paternal grandmother to adopt the children. After a hearing concerning the motion to change custody from the father to the mother, the trial court found that it would be in the children’s best interest to award their permanent care, custody, and control to their paternal grandmother.
The mother contends on appeal that the trial court erred in awarding custody of the children to the paternal grandmother. We agree.
It is well settled that a natural parent has a prima facie right to custody of his or her child as against a nonparent. Ex parte Terry, 494 So.2d 628, 632 (Ala.1986):
“ ‘The prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a non-parent, is grounded in the common law concept that the primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of such misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question. Hanlon v. Mooney, 407 So.2d 559 (Ala.1981).’ 428 So.2d at 59 [emphasis in Terry ].”
See also Ex parte Mathews, 428 So.2d 58 (Ala.1983); Ex parte Berryhill, 410 So.2d 416 (Ala.1982), cited in Ex parte Terry.
In the present case, the mother has not been found to be unfit. In fact, both the father and paternal grandmother testified that she was indeed a fit mother while she had custody of the children. It does appear from the record that the mother may have been guilty of certain indiscretions in the past; however, the record further indicates that the mother now has a stable job and steady income. She has also testified that she wants custody of her children and can provide for them.
As noted above, a natural parent has a prima facie right to his or her child as against the right of custody in a nonparent. Terry, supra. Consequently, as the mother was not found to be unfit, the trial court erred in awarding custody of the children to the paternal grandmother, and its order is therefore reversed.
This case is due to be reversed and remanded with instructions to enter an order not inconsistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.