HOLMES, Judge.
Deborah Lewis petitions this court for a writ of mandamus to compel the Covington County Probate Court to set aside its prior adoption decree rendered on August 27, 1987.
The facts are not in dispute. Deborah Lewis and her husband were divorced in 1980, with custody of the parties’ two minor children being awarded to the husband. In 1987, after discovering that the husband had given his consent for the paternal grandparents to legally adopt the children, Deborah Lewis filed a motion to modify the custody decree in the Covington County Circuit Court. The circuit court awarded the paternal grandmother custody of the children over their natural mother, Deborah Lewis.
Deborah Lewis appealed this award of custody to this court. On appeal, in Lewis v. Lewis, 523 So.2d 436 (Ala.Civ.App.1988), we reversed the circuit court and ordered that Deborah Lewis, the natural mother, be granted custody of the children.
Approximately the same time as the modification of custody petition was pending, the paternal grandparents petitioned the Covington County Probate Court to allow them to legally adopt the children. This adoption proceeding was stayed by the circuit court pending the outcome of the petition for modification of custody.
While Deborah Lewis’s appeal of the custody modification was pending in this court, the probate court held a hearing on the adoption petition and entered an adoption decree on August 27, 1987, allowing the paternal grandparents to adopt Deborah Lewis’s two children.
This court’s decision reversing the circuit court’s award of custody to the paternal grandmother was issued on May 5, 1988. On June 8, 1988, Deborah Lewis filed a motion to set aside the adoption decree. In her motion Deborah Lewis included a copy of the prior decision of this court reversing the circuit court. The probate court nonetheless denied this motion to set aside on July 19, 1988.
*754 The dispositive issue on appeal is whether the probate court erred in not setting aside the adoption decree. In other words, was the probate court required to set aside its prior order of adoption in view of this court’s order concerning custody of the children?
Initially, we note that the issue of whether a lower court correctly interpreted and followed our decision after remandment can be reviewed either by appeal or on a petition for mandamus. Polk v. State, Department of Industrial Relations, 413 So.2d 1164 (Ala.Civ.App.1982).
In Alcoholic Beverage Control Board v. Taylor, 339 So.2d 66, 67-68 (Ala.1976), the supreme court stated: “In the exercise of its supervisory power, the appellate courts may issue writs of mandamus to lower courts to compel the latter to entertain and exercise the jurisdiction entrusted to them, to correct any abuse of jurisdiction, and to enforce the performance by them of purely ministerial duties.”
In the case before us, Deborah Lewis’s motion to set aside the adoption decree included a copy of this court’s decision reversing the circuit court and ordering that Deborah Lewis be awarded custody of her two children. Therefore, the probate court’s order denying Deborah Lewis’s motion to set aside the adoption of the children by the paternal grandparents is, in effect, to nullify the prior orders of this court. This the probate court cannot do. The court below was bound to enforce the orders of this court whether it agreed with them or not. See Cox v. Cox, 50 Ala.App. 354, 279 So.2d 526 (Ala.Civ.App.1973). The probate court was aware of the custody dispute concerning the children. Furthermore, it was duly notified that this court ordered that the mother, Deborah Lewis, be awarded custody. Therefore, we cannot understand why the probate court, upon proper motion to set aside the prior adoption decree, would not do so.
The writ shall conditionally issue. If the Covington County Probate Court does not vacate and set aside its prior adoption decree of August 27, 1987, within ten days from the rendition of this decision, the writ shall issue.
WRIT GRANTED CONDITIONALLY.
BRADLEY, P.J., and INGRAM, J., concur.