PITTMAN, Judge.
 

 Honda Manufacturing of Alabama, LLC (“the employer”), appeals from a judgment entered by the Etowah Circuit Court, on remand from this court’s decision in
 
 Honda Manufacturing of Alabama, LLC v. Alford,
 
 6 So.3d 22 (Ala.Civ.App.2007)
 
 (“Alford I
 
 ”), on a workers’ compensation claim brought against the employer by Ronald W. Alford (“the employee”). Because that judgment does not comply with our mandate in
 
 Alford I,
 
 we reverse and remand.
 

 As we noted in
 
 Alford I,
 
 the employee brought an action in January 2005 against the employer seeking an award of benefits under the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975 (“the Act”), based upon an alleged permanent and total disability stemming from an occupational injury to his left knee. The employer, in its answer, among other things, denied that the employee had suffered a permanent and total disability and stated that the employee had failed to give the employer proper notice of his injury. After an ore tenus proceeding, the trial court entered a judgment in which that court awarded benefits under the Act inuring to employees that suffer a permanent and total disability to the body as a whole, specifically determining (a) that the employee’s work-related knee injury had resulted in a subsequent injury to the employee’s lower back (ie., a ruptured lumbar disk) and that the knee and back injuries together had inhibited the employee’s ability to perform certain job functions and placed additional physical restrictions and limitations on his activities, and (b) that the employer had had notice of the employee’s work-related injury. The employer appealed from that judgment, challenging both the pi’opriety of the award of benefits outside the injury schedule in the Act, under which a claimant sustaining an injury resulting in a loss of use of a leg (such as the employee’s knee injury in this case) is ordinarily to be compensated for a specified number of weeks based upon a fraction of the injured claimant’s weekly wages
 
 (see
 
 Ala.Code 1975, §§ 25-5-57(a)(3)a.l6. and 25-5-57(a)(3)d.), and the determination that proper notice had been provided by the employee.
 

 In
 
 Alford I,
 
 which was decided in October 2007, although we affirmed the trial court’s judgment as to the notice issue, we reversed the judgment as to the trial court’s permanent-total-disability award, relying upon our May 2007 decision in
 
 Boise Cascade Corp. v. Jackson,
 
 997 So.2d 1026, 1034-35 (Ala.Civ.App.2007)
 
 (“Jackson
 
 /”), for the proposition that “an employee who sustains an injury to a scheduled member is to be awarded compensation based upon the schedule unless ‘ “ ‘the effects of the loss of the member extend to other parts of the body and interfere with their efficiency,’ ” ’ i.e., ‘the injury to the scheduled member [must] be “ ‘accompanied by other physical disability (of the body).’”’” 6 So.3d at 26-27. In so holding, we noted that “[n]o medical evidence connected the medical conditions present in the employee’s spinal column to the knee injury he had sustained while working for the employer” and that “no medical evidence adduced at trial would support anything other than the mere
 
 possibility
 
 that a lower-extremity injury
 
 could
 
 have caused back pain via a change in the injured person’s gait.” 6 So.3d at 28-29. Although our mandate based upon those conclusions allowed the trial court
 
 *1285
 
 to either elect to enter a new judgment or to conduct further proceedings, the trial court’s choice was mandated to be “consistent with this court’s opinion” in
 
 Alford I.
 
 6 So.3d at 29. Specifically, we stated that because the employee’s injury fell within the schedule of members in the Act, the trial court on remand was to “ ‘calculate the scheduled disability benefits without consideration of any ... evidence of vocational disability.’ ”
 
 Id.
 
 (quoting
 
 Jackson I,
 
 997 So.2d at 1037-38).
 

 On November 9, 2007, the employer timely filed a petition for a writ of certio-rari in the Alabama Supreme Court challenging this court’s decision as to notice. Although
 
 Jackson I
 
 was undergoing cer-tiorari review in the Alabama Supreme Court at the time that
 
 Alford I
 
 was decided, the employee filed neither an application for rehearing nor a petition for certio-rari challenging the correctness of this court’s decision as to the extent of his injury. One week after the employer’s certiorari petition was filed, on November 16, 2007, the Alabama Supreme Court issued its opinion in
 
 Ex parte Jackson,
 
 997 So.2d 1038 (Ala.2007)
 
 (“Jackson II”),
 
 reversing this court’s judgment in
 
 Jackson I
 
 to the extent that we had interpreted the Alabama Supreme Court’s previous decisions as “creating a requirement for a permanent physical injury to other parts of the body in order to take the injury out of the schedule.” 997 So.2d at 1040. On October 10, 2008, the Alabama Supreme Court denied certiorari review in
 
 Alford I,
 
 and this court’s certificate of judgment remanding the case was transmitted on October 14, 2008.
 

 On October 21, 2008, the trial court set the case for a hearing. Before that hearing, the parties presented briefs concerning whether the trial court was bound to carry out the mandate of this court as set forth in
 
 Alford I
 
 in light of the Alabama Supreme Court’s intervening decision in
 
 Jackson II
 
 — the employer contending that the trial court was bound to strictly comply with the mandate of
 
 Alford I
 
 and the employee contending that
 
 Jackson II
 
 compelled a conclusion that the trial court’s original judgment was correct and should be reentered. After a hearing, at which no new evidence was presented, the trial court entered a judgment on April 28, 2009, purporting to confirm its prior judgment, opining that “to enter an order consistent with
 
 [Alford I
 
 ] would require that [that court] enter an order it believes to be inconsistent with”
 
 Jackson II.
 
 The employer again appealed, contending that the trial court’s judgment is inconsistent with the mandate of this court in
 
 Alford I;
 

 [1]
 

 the employee has not favored this court with a brief.
 

 We agree with the employer. “When a case is remanded to a trial court after a decision on appeal, ‘issues decided by the appellate court become law of the case and the trial court’s duty is to comply with the appellate mandate....’”
 
 Erbe v. Eady,
 
 447 So.2d 778, 779 (Ala.Civ.App.1984) (quoting
 
 Walker v. Carolina Mills Lumber Co.,
 
 441 So.2d 980, 982 (Ala.Civ.App.1983)). We further noted in
 
 Erbe
 
 that “[t]he trial court
 
 is not free to reconsider
 
 issues finally decided in the mandate.”
 
 Id.
 
 (emphasis added). The decisions of the Alabama Supreme Court are in accord with
 
 Erbe. See Gray v. Reynolds,
 
 553 So.2d 79, 81 (Ala.1989);
 
 Auerbach v. Parker,
 
 558 So.2d 900, 902 (Ala.1989) (noting
 
 *1286
 
 principles set forth in
 
 Erbe
 
 and further noting authorities for the proposition that when a cause is remanded with directions as to the judgment to be entered, that judgment should be entered without a new trial).
 

 In
 
 Alford I,
 
 we directed the trial court to proceed in a manner “consistent with [our] opinion” — an opinion in which we determined that the trial court’s earlier conclusion that the employee’s knee injury had affected his back so as to render the schedule in the Act inapplicable was not “supported by substantial evidence” (6 So.3d at 29) — and we specifically instructed the trial court to
 
 calculate
 
 scheduled disability benefits without consideration of any evidence of vocational disability that might be pertinent to a injury outside the schedule. It is well settled that “[t]he issues decided by an appellate court become the law of the case on remand to the trial court, and the trial court is not free to reconsider those issues”; further, “ ‘whatever is once established between the same parties in the same case continues to be the law of that case,
 
 whether or not correct on general principles,
 
 so long as the facts on which the decision was predicated continue to be the facts of the case.’”
 
 Ex parte S.T.S.,
 
 806 So.2d 336, 341 (Ala.2001) (emphasis added; quoting
 
 Blumberg v. Touche Ross & Co.,
 
 514 So.2d 922, 924 (Ala.1997)). The trial court’s judgment entered on remand from this court in
 
 Alford I,
 
 after a reexamination of the facts previously presented, by no means fulfills the trial court’s duty “ ‘to comply
 
 strictly
 
 with [our] mandate ... according to its true intent and meaning.’ ”
 
 Ex parte Alabama Power Co.,
 
 431 So.2d 151, 155 (Ala.1983) (emphasis added; quoting 5 Am.Jur.2d
 
 Appeal & Error
 
 § 991 (1962)).
 

 It may prove to be true that, in a different case, our holding in
 
 Alford I
 
 will be reexamined and found to be inconsistent with the later decision of the Alabama Supreme Court in
 
 Jackson II.
 
 In other words, it remains to be seen whether the permanent-disability issue was correctly decided in
 
 Alford I
 
 ‘“on general principles’ ”
 
 (see Ex parte S.T.S.,
 
 806 So.2d at 341). However, as we noted in
 
 Erbe,
 
 “ ‘[i]f circumstances arise that cast doubt on the correctness of the law of the case as established on appeal, arguments in support of departure from the mandate
 
 must be addressed to the appellate court.’”
 
 447 So.2d at 779 (emphasis added; quoting IB James W. Moore et al.,
 
 Moore’s Federal Practice
 
 ¶ 0.404[10] (2d ed.1983)). The employee had the opportunity to seek rehearing in this court, or certiorari review in the Alabama Supreme Court, as to the correctness of this court’s determination regarding the extent of his injury while
 
 Jackson I
 
 was being reviewed by the Alabama Supreme Court, but he did not take that opportunity, and the trial court erred in thereafter undertaking its own reexamination of the issues, which had been previously authoritatively decided, in violation of the mandate of this court.
 

 The trial court’s April 29, 2009, judgment is reversed, and the cause is again remanded. Upon the issuance of our certificate of judgment, the trial court is to enter a judgment, based upon the existing record, that awards benefits under the Act to the employee based upon an injury to a scheduled member, in accordance with Ala. Code 1975, §§ 25-5-57(a)(3)a.l6. and 25-5-57(a)(3)d.,
 
 Alford I,
 
 and this opinion.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . "[T]he issue of whether a lower court correctly interpreted and followed our decision after remandment can be reviewed either by appeal or on a petition for mandamus.”
 
 Ex parte Lewis,
 
 540 So.2d 753, 754 (Ala.Civ.App.1988).